(126 So. 667)

## CITY OF SHREVEPORT v. KANSAS CITY, S. & G. RY. CO. et al.

### No. 29863.

Feb. 3, 1930.

Rehearing Denied March 5, 1930.

Wilkinson, Lewis, Wilkinson & Burford, of Shreveport, for appellant Kansas City, S. & G. Ry. Co.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellants Vicksburg, S. & P. Ry. Co., Houston & S. R. Co., Texas & P. Ry. Co., and Yazoo & M. V. Ry. Co.

B. F. Roberts, City Atty., of Shreveport, for appellee City of Shreveport.

ROGERS, J.

The city of Shreveport filed separate suits against four railroad companies operating within the limits of the municipality to expropriate a right of way across their tracks for the purpose of extending Allen avenue from Texas street to Hoadley street. Attached to the petition filed in each suit is a plat showing the particular property over which the right of way is sought to be acquired.

Plaintiff prayed for a jury of freeholders to try each case, and orders were issued by the district court for the summoning of the juries for the purpose.

The several defendant railroad companies appeared and filed a pleading in their respective cases, which they called a "motion to rescind order for jury," but which in reality was an answer setting at issue the right of plaintiff to expropriate the property described in the petition, praying that the issue be separately heard and determined, and that the order for a jury be recalled until the right of plaintiff to expropriate be finally adjudicated. The juries were recalled pending the determination of the question of the right of the

plaintiff municipality to expropriate the defendants' property. Subsequently, the defendants filed exceptions of vagueness, on the ground, mainly, that plaintiff's petition failed to disclose whether the street which it sought to open would cross the railroad tracks at grade by an overpass or by an underpass. These exceptions were heard and overruled.

Later, the four suits were consolidated for the purpose of a trial on the issue of the right of the plaintiff municipality to invoke the expropriation proceedings. The court below, after hearing the evidence and the argument of the parties, rendered a judgment, decreeing the city of Shreveport had the power to expropriate defendants' property, provided the proposed extension of Allen avenue would be built by underpasses or overpasses under or over the railroad tracks, except the north "Y" track, and denying the municipality the right to construct the proposed street extension over the railroad tracks at grade, except as to the north "Y" track. All the defendants have appealed.

There is no special legislation authorizing the plaintiff municipality to expropriate defendants' property. Plaintiff's right to do so arises under, and is governed by, the general expropriation laws of the state.

■ The question of the expediency or necessity for the expropriation is a question that should be determined by the courts and not by juries of freeholders. Kansas City, S. & G. Ry. Co. v. Meyer, 166 La. 663, 117 So. 765.

Defendants assign as error the action of the court below in overruling their pleas of vagueness and their defense that the plaintiff municipality was without right to expropriate their property. Defendants also urge, generally, that the judgment against them is contrary to the law and the evidence.

■ The exceptions of vagueness were properly overruled. Such an exception must be pleaded in limine litis, which was not done in the cases now before us. Before filing its exception, each of the defendants filed an answer in which it put at issue the right of the municipality to expropriate its property, and, in addition, apparently raised all the questions that could be raised in the suits, except the questions of value and damage.

The proposed extension of Allen avenue will intersect nineteen railroad tracks. These tracks lie on embankments, because the land they cross is low and flat. Generally speaking, the locality constitutes the freight clearing house of the railroads entering the city, and tracks are, from time to time, located and relocated there to serve the interchange of traffic among the transportation companies.

The main defense in all the cases is that the property sought to be expropriated is and has been for a long period of time devoted to a public use, and therefore is not subject to expropriation because the taking of the property by the municipality is inconsistent with, and will practically destroy, the existing public use.

An incidental defense is that the proposed street, if constructed at grade, will directly affect nineteen railroad tracks in constant use and create a death trap for the users of the highway. It is unnecessary to notice this particular defense, however, since it has passed out of the case under the judgment of the court below, limiting the right of the municipality to extend its street over defendants' property to underpasses or overpasses, except as to the north "Y" track. Plaintiff has neither appealed nor answered defendants' appeal; hence the issue raised under this ground of defense must be considered as finally determined by the judgment.

■ On considering defendants' main ground of defense, we find that the plaintiff municipality is not seeking to acquire the ownership of defendants' property. All that plaintiff is demanding is the right to extend one of its thoroughfares across the property. Under the law, plaintiff is entitled to that right, provided the defendants are not thereby deprived of the beneficial use of their property. Town of Eunice v. La. Western Ry. Co., 135 La. 882, 66 So. 257.

■ We think the facts as shown by the record bring the case within the rule stated. As we see it, neither of the ways prescribed by the judgment appealed from for the extension of the proposed street across defendants' property can to any appreciable extent deprive the defendants of the use of their tracks. In fact, the evidence shows that the proposed street can be extended across the railroad yards without causing the removal or changing of any of the defendants' tracks. The evidence also shows that, by the use of overpasses or underpasses, the operation of defendants' trains will not be interfered with, except, possibly, to the extent of some delays on one track owned by the Kansas City Southern Railway Company. But that company itself is building a track across the tracks of the defendant railroad companies at a point not far from the place the municipality has selected for constructing the proposed street extension. While the operation of this intersecting track will undoubtedly cause some danger and inconvenience to the railroad companies owning the other tracks, no pretense is made that those companies will thereby be deprived of the beneficial use of their property.

It may be true that defendants may suffer some inconvenience and be put to some expense by reason of the extension of Allen avenue across their property. But the law in regarding railroad companies as public necessities has not extended its generous privileges to them without, at the same time, imposing upon them the burden of possible inconvenience and expense whenever the public interest or necessity requires them to assume that burden. There is no reason why the inconvenience and expense attendant upon the opening of Allen avenue from Texas street to Hoadley street cannot be minimized by the friendly co-operation of the parties in interest.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellants.

O'NIELL, C. J., absent.