152 So. 913

## CITY OF SHREVEPORT v. TEXAS & P. RY. CO. et al.

### No. 32679.

Jan. 29, 1934.

Rehearing Denied Feb. 26, 1934.

Wise, Randolph, Rendall & Freyer and Wilkinson, Lewis & Wilkinson, all of Shreveport, for appellants.

Aubrey M. Pyburn and Robert G. Chandler, both of Shreveport, for appellee.

ST. PAUL, Justice.

This is the same case which was before us under the name of City of Shreveport v. Kansas City, Shreveport & Gulf Railway Co. et al., 169 La. 1085, 126 So. 667.

The city filed separate suits against four railroad companies operating within the limits of the municipality to expropriate a right of way across their tracks for the purpose of opening Allen avenue from Texas street to Hoadley street, which avenue was blocked between said two streets by the tracks of the defendant railways, and prayed for juries of freeholders to assess the awards to be allowed to the defendants.

The defendants filed answers denying the right of the city to expropriate the right of way sought, and prayed that that issue be tried separately and without a jury.

This was acceded to by the trial judge, who thereupon ruled in favor of the city's right to expropriate a right of way across defendants' property provided that the proposed extension of Allen avenue would be built by underpasses

or overpasses under or over the railroad tracks, but not at grade (except north Y track), which judgment was affirmed by this court March 5, 1930. 169 La. 1085, 126 So. 667.

Thereafter juries of freeholders were summoned for August 18, 1930, but the cases were not tried on that day and nothing further was done until October 13, 1933, when plaintiff again asked that the cases be fixed and the juries of freeholders be summoned to try the same; to which demand defendants replied that conditions had changed since the first demand for expropriation and that said expropriation was now neither needed nor feasible, which contention was overruled by the trial judge and the matter is now before us on appeal.

## I.

■ Plaintiff has moved to dismiss the appeal on the ground that the judgment appealed from is not a final judgment nor an interlocutory judgment liable to cause irreparable injury.

As the verdict of a jury of freeholders entitles the plaintiff in expropriation proceedings to take possession of the property expropriated immediately upon paying the award and such right cannot be suspended by appeal (Rev. Civ. Code, art. 2634), it follows that the judgment herein appealed from, if erroneous, might work irreparable injury to the defendants, since it will ultimately operate to change the possession of real property. State ex rel. Cotting v. Judge, 104 La. 74, 28 So. 977; State ex rel. Honey Island L. & T. Co. v. King, 110 La. 961, 968, 35 So. 181.

The motion to dismiss is therefore denied.

## II.

The issues raised by the defendants in their new pleadings which were not or might not have been raised in their former pleadings but arise out of changed conditions growing up since are substantially only three, to wit: (1) That traffic conditions have so changed in the last three years that the opening up of Allen avenue is no longer necessary; (2) that the city of Shreveport is not financially able to carry out the project which it contemplates; and (3) that, owing to the depression and loss of business, defendants may be unable to contribute their share of carrying out the project.

■ We think these matters are irrelevant. The relief of traffic conditions along certain streets in the city was but one reason for opening Allen avenue. Another was that defendants' tracks occupy a strip over 6,000 feet long separating one section of the city of Shreveport from another section over which there is no cross street whatever; that is to say, there is no cross street connecting the two portions of the city anywhere between King's Highway and Jordan street which are 6,000 feet apart, and that alone is sufficient reason for providing another cross street between the two sections of the city at some point between these two cross streets distant over 6,000 feet from each other.

■■ The financial condition of the city is also irrelevant. The city cannot take possession of the right of way until it has paid defendants the award found by the jury of freeholders, and therefore the property of defendants cannot be disturbed until the payment of that award, and it is quite immaterial when or how the city will finance its own part of

the project, since the city has unquestionably the right to expropriate a right of way for the intended purpose. When the law grants the right to expropriate and fixes in detail the method of procedure, it does not contemplate that, before said procedure be resorted to, there should be a long and intricate inquiry into the financial ability of the plaintiff to carry out the project which it has in contemplation; otherwise expropriation proceedings, instead of being summary as provided by law, would be interminable and the right to expropriate would depend not only upon the public necessity but also upon a prior judicial determination of plaintiff's ability to carry out the proposed public project; and the law nowhere so provides. As to the defendants' possible inability to pay for any part of the project which they may be called upon to pay, that also is irrelevant. If the city, after carrying out the project, is unable to collect from the defendants their proportion of the costs, if any, that will be unfortunate, but cannot operate so as to take away from the city its right to go ahead with the project and pay for it as best it can.

We are therefore of opinion that the trial judge was correct in overruling the pleas of the defendants.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.