Finding no error in the judgment appealed from, we affirm it with all costs.

159 So. 715

**CITY OF SHREVEPORT v. KANSAS CITY, S. & G. RY. CO. et al.**

No. 33089.

Feb. 4, 1935.

Rehearing Denied March 4, 1935.

F. H. Moore, of Kansas City, Mo., and Wilkinson, Lewis & Wilkinson and Wise, Randolph, Rendall & Freyer, all of Shreveport, for appellant.

A. M. Pyburn and Jos. H. Jackson, both of Shreveport, for appellee.

ODOM, Justice.

In 1928 the city of Shreveport brought expropriation proceedings against the Kansas City, Shreveport & Gulf Railway Company to acquire a right of way across its tracks for the purpose of extending a street known as Allen avenue from Texas avenue to Hoadley street. At the same time the city brought similar proceedings for the same purpose against three other railroad companies. This defendant, as did the other three, contested the city's right to expropriate its property for the purposes set out in the petition. The trial court upheld the city's right of expropriation, provided it built either an underpass or an overpass, and the judgment was affirmed by this court on February 3, 1930. City of Shreveport v. Kansas City, S. & G. Ry. Co. et al., 169 La. 1085, 126 So. 667.

The four cases were consolidated and, after the judgment of this court became final, juries of freeholders were summoned to assess the damages, if any, and to fix the value of the right of way. This was in August, 1930. But the cases were not tried at that time, and nothing further was done until October, 1933, when the plaintiff again asked that juries be summoned. Whereupon the defendants objected to further proceedings in the case on the ground that since the judgment ordering the expropriation was rendered, conditions had so changed that the expropriation was neither necessary nor feasible. This issue was tried in the district court and there was judgment overruling defendants' contentions. That judgment was affirmed by this court on January 29, 1934. City of Shreveport v. Texas & P. R. Co., 178 La. 1087, 152 So. 913.

The city immediately applied for a jury to assess the damage, if any, to this defendant, which is the Kansas City, Shreveport & Gulf Railway Company, the owner of the tracks, and to fix the value of the right of way across its property. The judgment recognizing the

city's right to expropriate the property for a right of way for a street had become final and this defendant could urge no further defenses.

But it developed that this defendant had leased its tracks to the Kansas City Southern Railway Company, which was operating its trains over the defendant's tracks. A few days prior to the date on which the city asked for a jury in 1934 the Kansas City Southern Railway Company filed and recorded a copy of its lease in the parish of Caddo, where the suit was pending. Whereupon the city had the lessee made a party to the proceedings. The lessee immediately came into court and filed various and sundry pleas and exceptions, among them being a motion for a bill of particulars and a plea of vagueness, an exception of no cause of action and an exception directed to the right of the plaintiff to expropriate the property, and a motion to rescind the order for a jury. The trial court refused to hear some of these exceptions and overruled others. The court did, however, set down for hearing the lessee's exception directed to the right of the city to expropriate. But on the day set for the hearing of this motion and after taking some testimony, the court refused to further consider any of the exceptions and motions and sustained a motion to strike out all of them. The reasons assigned by the judge for his ruling were that the Kansas City Southern Railway Company, the lessee, is bound by the judgments previously rendered against its lessor, the Kansas City, Shreveport & Gulf Railway Company. From this judgment the lessee appealed.

The Kansas City Southern Railway Company, appellant, is not the owner of the property which plaintiff seeks to acquire. The property is owned by another corporation, which leased its tracks to appellant. The corporation which owns the tracks, and which was made defendant in the original proceeding, apparently urged all possible exceptions and defenses open to it. The right of the city of Shreveport to acquire such of the railroad's property as is necessary for a right of way for the street has been sustained by judgments which are long since final.

The question now before us is whether this appellant, which does not own the property itself, but uses it under a lease contract, having come into the proceedings after the judgments above referred to were final, can demand a rehearing and a retrial of the issue previously disposed of, and urge additional exceptions and defenses, which it alleges are personal to it as lessee.

We do not think it can. Under the law of eminent domain "every individual who possesses under the protection of the laws, any particular property, is tacitly subjected to the obligation of yielding it to the community, wherever it becomes necessary for the general use." C. C. art. 2626. The Civil Code provides, art. 2627, that "if the owner of a thing necessary for the general use, refuses to yield it or demands an exorbitant price, he may be divested of the property by the authority of law," and article 2628 says that "in all cases, a fair price should be given to the owner for the thing of which he is dispossessed." Article 2630 provides that when certain corporations, which are given the right of expropriation, "can not agree with the owner of any land which may be wanted," proceedings may be instituted to condemn it,

and article 2631 says that on presentation of such a petition to the judge "it shall be his duty to endorse thereon an order directing the clerk of the court to give notice to the owner according to law." Article 2632 speaks of the damages, if any, "the owner would sustain in addition to the loss of the land by its expropriation." Article 2634 provides that an appeal to the Supreme Court from the verdict of the jury shall not suspend the execution of the judgment "but the payment of the amount of the verdict by the company to the owner, or the deposit thereof subject to the owner's order, in the hands of the sheriff, shall entitle the corporation to the right, title and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do." Article 2635 prescribes the method of procedure "if the owner of any lands required for works of public utility be unknown or absent."

Article 2639 says that "all judgments directing the expropriation of lands to corporations shall be valid against all persons, including married women, minors, or persons interdicted," and finally it is provided by article 2641 that "if, after the expropriation, any individual pretends that he had rights respecting the thing, either as owner or as creditor, he shall have recourse against the person who received the price."

The above articles of the Code are found in the chapter which deals with "Compulsory Transfer of Property." Nowhere therein is found any reference to a proceeding against any person except the owner of the land or thing. From which it follows that no one except the owner need be made a party defendant to such proceeding. This is because these proceedings contemplate forced alienations of property and involve title to real estate. No one can give title to real estate except the owner, and inasmuch as the purpose of an expropriation proceeding is to compel him to yield title, he is the sole necessary party defendant. Suits to condemn or expropriate property for public use or in the public interest are proceedings in rem, proceedings against the property itself. Iberia, etc., Ry. Co. v. Morgan's Louisiana & Texas R. & S. S. Co., 129 La. 492, 502, 56 So. 417. The owner of the property and he alone has authority to speak in defense of an action to force alienation.

All property (except that mentioned in article 2637 of the Code) is subject to forced alienation, whenever it becomes necessary for the general use. Those who take title to real estate take and hold it subject to the paramount right of society to divest their title in case of necessity. They must yield it to the community under certain conditions. That being true, it cannot be said that a lessee has any greater rights than his lessor, the owner. And yet the appellant is now seeking to inject into these proceedings certain issues and defenses which it alleges are purely personal to it. We think it has no such right. The lessee was not a necessary party to these proceedings, and the mere fact that it was made a party at the suggestion of the plaintiff gave it no rights not conferred by law.

Counsel for appellant cite the case of State of Louisiana v. Morgan's La. & Tex. R. & Steamship Co., 106 La. 513, 31 So. 115, in support of their contention that the judgment against the lessor in this case was not conclusive of the rights of the lessee. Our read-

ing of that case, however, convinces us that it has no application whatever to the issue here involved.

The facts of that case were that the Morgan's Louisiana & Texas Railway & Steamship Company, which owned a railroad in this state, was operating a public warehouse in the city of New Orleans, and the state of Louisiana brought proceedings against it to prohibit it from so doing. In the year 1885, or about that time, this railroad company leased its line of railroad to the Southern Pacific Railway Company, which company also attempted to conduct a public warehouse business in the city of New Orleans. It was prohibited from doing so by suit brought by the state against it. The case in which the Southern Pacific Railway Company was involved is reported in State v. Southern Pac. Co., 52 La. 1822, 28 So. 372. In the case against the Morgan's, etc., Co., it was contended by the state that the decision in the Southern Pac. Co. Case was decisive of the issues involved in the Morgan's, etc., Co. Case, because the Southern Pacific Railway Company, at the time it was prohibited frrom conducting the same kind of business, was the lessee of the Morgan Company. It was held, however, in the Morgan Case, reported in 106 La. 513, 31 So. 115, that the fact that the Southern Pacific Company, which was a lessee of the railroad, was prohibited from conducting a public warehouse, was not res adjudicata as to the issues involved in the latter suit, the two corporations being entirely separate and distinct, each having attempted, at different times, to engage in the same kind of business.

The other cases cited by counsel for appellant likewise have no application to the issues here involved. In the case at bar appellant apparently seeks to champion the cause of its lessor. This it cannot do. Nor has it any interest in defeating the right of the city of Shreveport to expropriate property which it does not own.

For the reasons assigned the judgment appealed from is affirmed.