BRUNOT, Justice.
 

 The above-entitled suits were instituted by the plaintiff, for the purpose of expropriating a right of way across the tracks and lands of the defendants, for the extension of Allen avenue from Texas street to Hoadley street, in the city of Shreveport. The necessity, vel non, of the expropriation, was first tried before the judge of the district court, and from an adverse judgment, on that issue, the defendants appealed, with the result that the judgments appealed from were affirmed by this court. See City of Shreveport v. Kansas City, Shreveport & Gulf Railway Co., 169 La. 1085, 126 So. 667, and City of Shreveport v. Texas & P. Railway Co. et al., 178 La. 1087, 152 So. 913.
 

 After these cases were finally disposed of, the above-entitled suits were consolidated, for the purposes of the trial, and were tried by a jury of freeholders. The issues before the jury were the value of the property of each defendant taken, and the damage sustained by each defendant thereby. The trial resulted in the jury rendering a separate verdict in each case. It fixed the value of the property taken from the Texas & Pacific Railway Company at $533.15, and the damages sustained by that company at $10,690; it valued the property of the Vicksburg, Shreveport & Pacific Rail
 
 *39
 
 way Company and the Yazoo & Mississippi Valley Railway Company, so taken, at $737.57, and damages sustained by those,companies at $10,690; it valued the property of the Houston & Shreveport Railway Company, so taken, at $1,297.89, and the damages sustained by that company at $39,730. In each case it rendered a separate verdict disallowing any damage to the residue of the property. Judgments were rendered accordingly. A motion, by the plaintiff, for a new trial, was filed, heard, and overruled, and the plaintiff appealed.
 

 The defendants, in a joint pleading, have answered the appeal and pray for an amendment of each judgment, by increasing the amount thereof to the respective sums prayed for therein. There was also filed, in this court, and granted, a motion substituting the Texas & New Orleans Railway Company, the assignee of the Houston & Shreveport Railway Company, for said Houston & Shreveport Railway Company, as the defendant, “in the case of City of Shreveport v. Houston & Shreveport Railway Co., No. 48,055 of the docket of the First Judicial District Court, and being one of the consolidated cases on appeal herein.”
 

 The only issue presented to this court for decision is whether or not the values of the properties, as fixed by the jury, and the damages assessed by its verdicts, and awarded in the judgments of the court, in these consolidated suits, are excessive, accurate, or insufficient in amount. It appeal’s that evidence was admitted, over the objection of the plaintiff, relative to the cost of constructing underpasses and viaducts, and that plaintiff excepted to a part of the judge’s charge to the jury.
 

 In view of the verdicts rendered by the jury, we will pass the objection and exception mentioned, without comment, except to say that, under the provisions of Act No. 51 of 1928, the railroads are to pay one-half of the cost of constructing the proposed underpass and the city is to pay one-half of said cost.
 

 In suits such as the ones we are considering, it is the duty of the railway company to keep its railway in condition, at all times, and it is not entitled to compensation for so doing. Chicago, B. & Q. R. Co. v. City of Chicago, 166 U. S. 226, 17 S. Ct. 581, 41 L. Ed. 979. As counsel for appellant, in their reference to this case, say on page 6 of their original brief:
 

 “The court further held that the true measure of value where the city proposes to extend a street across or under railway tracks, is the diminution in value for railway purposes of the portion of the railway right of way to be used for street purposes.
 

 “In the same case the court held that the use of a right-of-way for a street crossing, does not deprive the company of its use for railway purposes and that the injury sustained is so slight that merely nominal damages will satisfy a constitutional requirement that property cannot be taken or damaged ,for public use without just compensation.”
 

 In line therewith is Houston & T. C. Railway Co. v. City of Houston (Tex. Civ. App.) 41 S.W.(2d) 352, and City of Oakland v. Schenck, 197 Cal. 456, 241 P. 545.
 

 The appellees cite, and seem to rely upon, the following cases: Kansas City, S. & G. Railway Co. v. Louisiana W. R. Co., 116 La. 178, 40 So. 627, 5 L. R. A. (N. S.) 512, 7 Ann.
 
 *41
 
 Cas. 831. That was a suit between railroads. No public necessity was involved, and there was no question as to costs. Other Louisiana cases are cited, but all of them were expropriation suits against individuals. It is apparent that these citations are not in point.
 

 In the case of City of Terre Haute v. Evansville & T. H. Railway Co., 149 Ind. 174, 46 N. E. 77, 37 L. R. A. 189, the track across which it was proposed to build a street was a freight yard, which was used for loading, unloading, and storing cars. This is not the situation in ■the case at bar. The same may be said of the case of Chicago & Northwestern Railway Co. v. Town of Cicero, 154 Ill. 656, 39 N. E. 574. It is conceded that the decisions of the courts of Kansas, Missouri, Michigan, Maryland, New Jersey, and Massachusetts vary from the jurisprudence of the other states of the Union and from the federal courts, but in those states the decisions were governed by and are in accord with special state statutes.
 

 Each defendant in this suit is seeking to recover from the plaintiff the value of the property actually taken; the value of property which could otherwise be made use of for its purposes; the damages to its remaining properties; and the cost of necessary constructions in order to support its tracks over the proposed underpass.
 

 Act No. 51 of 1928 disposes of the defendants’ last alleged element of damage, in so far as their existing and presently used tracks are concerned.
 

 We think the jury correctly found that the defendants’ remaining properties would not be damaged by the construction of the proposed underpass, but we think the defendants will be subject to damage to the extent of the cost incident to spanning the underpass, in the event the defendants deem it advisable to project other railway tracks across it. This is, in our opinion, the only element of damage, other' than the value of the land taken, for which the defendants are entitled to recover, and, for that reason, the damages assessed by the jury, and awarded in the judgments of the court, are excessive. Our appreciation of the factsv disclosed by the record, has led us to the conclusion that the jury has correctly valued the properties to be taken, and that the actual or probable damages the defendants will suffer by reason of the proposed extension of Allen avenue, by underpass across the defendants’ properties, should be reduced as follows: Damages to the Texas & Pacific Railway Company, $1,200; damages to the Vicksburg, Shreveport & Pacific Railway Company and Yazoo & Mississippi Valley Railway Company, $1,200; and damages to the Texas & New Orleans Railway Company, substituted for Houston & Shreveport Railway Company, as a defendant herein, $3,600.
 

 It is therefore ordered, adjudged, and decreed, that the judgments appealed from should be, and are hereby, amended accordingly, and, as thus amended, they are hereby affirmed.