FRUGÉ, Judge.
This case was consolidated with the cases of Michigan Wisconsin Pipe Line Company v. Hebert, 210 So.2d 378 (La.App.3d Cir., 1968), and Michigan Wisconsin Pipe Line Company v. Hebert, 210 So.2d 379 (La.App.3d Cir., 1968).
Plaintiff in each of these cases seeks to expropriate a permanent servitude across the defendants’ property for the construction of a twenty-six inch high pressure natural gas pipe line, which servitude would run adjacent to a servitude previously acquired by plaintiff. The three continuous tracts through which this servitude was to run were leased to Vorice Hebert, who had on the land a growing crop of rice, part of which had not been harvested at the time of trial of this matter in August, 1967.
Defendants in each of these cases filed exceptions of pre-maturity and of non-joinder of party defendant, which exceptions were overruled by the district court.[1] *377 In their answer, defendants resisted the taking on the grounds that this new pipe line was not to serve a public purpose, and therefore, plaintiff had no right of expropriation relating thereto. The trial court properly found that plaintiff was a public utility and that the pipe line in question was to serve a public purpose. Therefore, he decided this issue favorable to plaintiff.[2]
On the merits the trial judge rendered judgment favorable to defendants from which judgment plaintiff has appealed. The defendants have answered the appeal, re-urged the exceptions of pre-maturity and of non-joinder, and, in addition, sought an increase in the award of the trial court.
The exception of pre-maturity is founded upon defendants’ position that plaintiff failed to negotiate with defendants in good faith concerning the conventional acquisition of the servitudes. It appears from the record that on more than one instant, representatives of plaintiff’s corporation approached each of the defendants in this suit and offered a total sum of $25.00 per lineal rod for the pipe line right of way. After some discussion of the matter, this offer on the part of plaintiff was rejected by defendants. Although plaintiff was not willing to pay defendants more than $25.00 per lineal rod for the right of way, we cannot say that plaintiff’s position was arbitrary or that it refused to negotiate in good faith with defendants. Therefore, we feel that the exception of pre-maturity was properly overruled.
Defendants’ exception of non-joinder parties is based on their contention that Vorice Hebert, a tenant farmer, was the owner of four-fifths of the rice crop on defendants’ land under a lease (which was not reduced to writing or recorded until after these suits were filed). In addition, there was a previously recorded grant to him of the right to construct irrigation canals and laterals on the property, which laterals will be severed when the pipe line is laid.
We find merit with this last contention. Under a recorded instrument dated 1965, Mr. Hebert was granted the right to construct an irrigation canal and lateral canals. This grant in favor of Mr. Hebert by the defendants was on record at the time these suits were filed. Mr. Hebert testified at the trial that the laying of the pipe line through defendants’ property will sever his irrigation canals. Since Mr. Hebert owns a real right akin to a personal servitude as to the irrigation system of the defendants’ land, it is this court’s opinion that Mr. Hebert should have been joined as a party defendant in each of these suits, in order to determine what, if any, damage will be occasioned to his irrigation system as a result of this expropriation. C.C.P. Art. 641 et seq. See also State of Louisiana, through the Department of Highways v. Cockerham, 182 So. 2d 786 (La.App. 1st Cir., 1965).
Accordingly, it is hereby ordered that this case be remanded to the trial court for the limited purpose of joining Vorice Hebert as a party defendant to this suit. It is further ordered that upon the remand of this case, the trial judge shall receive pleadings and evidence for the purpose of determining what, if any, damages Mr. Hebert has sustained to his irrigation system as a result of the expropriation and that the case be resubmitted to this court on briefs as soon as the determination of *378 the above matter is made, so that we may determine the merits of these appeals.
Reversed and remanded.

. Judge Charles T. Everett was presiding judge for the purpose of these exceptions. Judge Carrol L. Spell presided in these cases on the merits.

. In this regard, defendants’ primary con-tendon was that the pipe line in question was to serve consumers outside the state of Louisiana, and therefore, was to serve no public purpose in this state. But since the design of the line was to serve consumers at its destination and since plaintiff had received a certificate from the Federal Power Commission authorizing this pipe line for the public convenience and utility, we feel plaintiff does have the right of expropriation.