BARRY, Judge.
In this expropriation suit by the Orleans Parish School Board, Wandell Developments, Inc., holder of an unrecorded option to purchase the land, appeals the dismissal of its intervention and the denial of the owners’ exception of non-joinder.
Wandell’s option was with Mr. and Mrs. Lupo for six lots which the School Board originally offered to buy for $1,675,000. After the expropriation suit was filed, but before lis pendens was recorded, Wandell and the Lupos signed an agreement for a price of $1,850,000. Wandell sought to intervene in the expropriation suit and the Lupos filed an exception of non-joinder of an indispensable party (Wandell). The School Board filed exceptions of no right or no cause of action aimed at Wandell’s intervention. Prior to the court’s ruling on the exceptions, Wandell recorded its agreement to purchase.
The trial court maintained the School Board’s exception of no cause of action and dismissed the intervention. Wandell’s writ applications to this court (No. 84-C-3167 December 12, 1984) and the Supreme Court (No. 84-CC-2093 December 12, 1984), 462 So.2d 187, were denied.
Subsequently the School Board increased the fair market value of the property by judicial admission to $1,850,000. Wandell, acknowledging the Fourth Circuit’s writ denial, argued that its right as intervenor was a personal right and the trial court could grant its exception of failure to join without offending this court’s order.
The trial judge concluded that Wandell was not a necessary party[1] although there is no judgment in the record. Wandell states this appeal is from the November 21st (actually 20th) judgment dismissing the intervention and the December 13th denial of the Lupos’ failure to join exception.[2]
Wandell claims it has a real right in the property and should be allowed to intervene. That issue was decided in our writ denial which noted the longstanding principle that an unrecorded contract is void as to third parties under La.C.C. Art. 2266:[3] “The school board therefore needs no judgment against realtor [Wandell], but only against the record owner, [the Lupos] and relator [Wandell] is not entitled to intervene as if the owner of some right in the property.” See Redmann, The Louisiana Law of Recordation: Some Principles and Some Problems 39 TUL.L.REV. 491 (1965).
Wandell relies on State Department of Highways v. Patout, 258 La. 1193, 249 So.2d 179 (La.1971) and State Department of Highways v. Vermilion Development Company, 258 La. 1159, 249 So.2d 167 (La.1971) cert. denied 404 U.S. 940, 92 S.Ct. 282, 30 L.Ed.2d 253 (1971), but those cases are inapposite since they involve contracts *204 which had been recorded before expropriation.
Wandell also argues that denial of its intervention violates due process. See La.C.C.P. Art. 1091. The due process argument under La. Const. Art. I § 2, which states that no person shall be deprived of property except by due process of law, brings us back to the issue of a real right in the property. With no real right, Wan-dell cannot complain of a deprivation.
Wandell next contends that its position is not synonymous with that of the owners who want to receive compensation (purchase price plus incidental damages such as attorney’s fees and lost interest) and will acquiesce in the taking.[4] However, counsel for the Lupos stated that Wandell would be welcome to argue the necessity of the taking, the fitness of the property for its intended purpose, and whether or not a public purpose existed. Therefore, the “presumable ordinary cooperativeness” in defending against the need for expropriation between the two contracting parties in an unrecorded land agreement appears to exist.
The trial court noted there was no perceivable difference between the intervention issue and Wandell’s posture as a necessary party (although the Lupos’ exception was Failure to Join an Indispensable Party). The court correctly declared that the School Board could exercise its right of expropriation based upon the public record (devoid of Wandell’s contracts with the Lupos). The owner of the land is the sole necessary party defendant. See City of Shreveport v. Kansas City, S. & G. Ry. Co., 181 La. 458, 159 So. 715 (1935). Since neither the option or agreement to purchase were recorded prior to the expropriation suit or the lis pendens, the court rightly held that under La.C.C. Art. 2266 the contracts had no effect upon the School Board. The trial court looked to Const. Art. I § 4,[5] but found no statutory or constitutional protection and properly concluded Wandell was not a necessary party.
Wandell was not an indispensable party since it was established that a complete and equitable adjudication could be made in its absence. La.C.C.P. Art. 641; State Through Department of Highways v. Lamar Advertising Company of Louisiana, Inc., 279 So.2d 671 (La.1973). Wandell was not a necessary party since its joinder was not necessary for a complete adjudication of the controversy. La.C.C.P. Art. 642.
Michigan Wisconsin Pipe Line Company v. Fruge, 210 So.2d 375 (La.App. 3rd Cir.1968), appeal after remand, 227 So.2d 606 (La.App. 3rd Cir.1969), writ denied 255 La. 149, 229 So.2d 732 (La.1970), involved an expropriation of a servitude across certain property containing a tenant farmer’s rice crop, four-fifths of which belonged to the farmer pursuant to a lease reduced to writing and recorded eleven days after the filing of the expropriation suits. The overruling of the exception of non-joinder of the farmer was upheld by the Third Circuit as it related to the unrecorded lease at the time of the suit. Recordation was the key to the necessary party status. See Central Louisiana Electric Company v. Gamburg, 200 So.2d 733 (La.App. 3rd Cir.1967). However, the case was remanded to allow for the farmer’s joinder as a necessary party on the grounds of a grant to construct irrigation canals recorded prior to the filing of the expropriation suit.
In United Gas Pipe Line Company v. New Orleans Terminal Company, 156 So.2d 297 (La.App. 4th Cir.1963), writ re *205 fused 245 La. 567, 568, 159 So.2d 284 (1964), this court was confronted with an exception of non-joinder of an indispensable party, the unrecorded lessee of the property to be expropriated, and contentions that the lessee should be accorded an opportunity to be heard and present defenses. This court held that the plaintiff in an expropriation suit has an absolute right to place reliance upon the public records and need not name as a defendant a party with an unrecorded right.
The district court is affirmed.
AFFIRMED.
PRESTON H. HUFFT, J. Pro Tem., dissenting with reasons.

. After the ruling the proceedings were continued on motion of the School Board until Wan-dell’s rights were clarified.

. The motion for appeal lists judgments on November 21st and December 8th; the order for appeal lists only a November 21st judgment. The School Board points out that Wandell did not file the exception of failure to join an indispensable party and therefore should not be able to appeal that issue. However, the issues of intervention and failure to join are intertwined.

.This refers to the article prior to its redesig-nation by Acts 1984, No. 331 § 5. La.C.C. Art. 2266 provided: All sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto. The recording may be made at any time, but shall only affect third persons from the time of the recording.
The recording shall have effect from the time when the act is deposited in the proper office, and indorsed by the proper officer.

. Counsel argued to the trial court zoning problems as well as the suitability of the property for the purpose expropriated and the School Board's choice of property.

. La. Const. Art. I § 4 provides in pertinent part: Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question.... Personal effects, other than contraband, shall never be taken.