59 So.2d 885

CITY OF WESTWEGO v. MARRERO LAND & IMP. ASS'N, Limited, et al.

No. 40757.

June 2, 1952.

2

Louis H. Marrero, III, Marrero, for defendant and intervenor and appellant.

John C. Boutall, Nestor L. Currault, Jr., Gretna, for plaintiff-appellee.

MOISE, Justice.

This is an expropriation suit instituted by the City of Westwego against both Marrero Land and Improvement Association, Ltd., as record owner of a certain parcel of land, and Mr. and Mrs. Eves Este, as claimants under an agreement to purchase, recorded in the conveyance records of the Parish of Jefferson, in Book 309, folio 318. Harry A. Pitre, the owner of land in the vicinity of the property sought to be expropriated, intervened, opposing the expropriation of the subject parcel of land (for the purpose of erecting a water tower) on grounds set out infra. There was judgment in favor of plaintiff, adjudicating the property to it, and ordering that the price therefor be deposited with and held by the clerk of court pending the outcome of litigation between the Association and Mr. and Mrs. Este, involving the agreement to purchase

the property, hereinabove mentioned. From the decree, defendant Association and Pitre, intervenor, appeal.

The defense of the Association on the merits is, in substance, that there were locations more suitable in every respect for the location of a water tower, including four others which it owned and had offered to the City of Westwego. This is a question of fact. The intervention presents the contention that "the sole reason for constructing said water tower is for the purpose of furnishing water to Jefferson Parish Waterworks District No. 5, at Waggaman, Louisiana" (thirteen miles outside the limits of the City of Westwego) and that "said proposed water tower is not being constructed for the use and benefit of the. taxpayers of the City of Westwego." This contention, if true, raises the question of law: is such a purpose comprehended within the expropriating authority of a municipality?

■■■■ A review of the record convinces us that plaintiff has established beyond any doubt the necessity for the overhauling of its water system. The Mayor testified that for the past seven years he had been receiving "complaints from different residents and commercial users as to the necessity of more water pressure in the City of Westwego; and lots of the criticism was brought to my attention at different fires, that there was not sufficient water pressure, and that the losses would have been kept down had we had more water pressure." He further testified that the City Council had arrived at the determination as to where the water tower would be placed on the recommendation of the City's engineers, Fromherz Engineering Company of New Orleans. Mr. Frank C. Fromherz, a partner in that firm, testified that a tower with a tank of three hundred thousand gallons (300,000 gal.) capacity was necessary for "the dual purpose of providing storage for fire protection purposes and equalizing the pressure for domestic consumption", that such capacity had also been recommended by the Louisiana Rating and Fire Prevention Bureau, and that the property in question was a "desirable" site for the location of the new tower. The necessity for the expropriation having been established, defendants had no standing to contest the suitability of the site chosen. While the expediency or necessity of an expropriation is a matter for judicial determination, River & Rail Terminals v. Louisiana Ry. & Nav. Co., 171 La. 223, 130 So. 337; City of Shreveport v. Kansas City, S. & G. Ry. Co., 169 La. 1085, 126 So. 667; Lecoul v. Police Jury of St. James Parish, 20 La.Ann. 308, nevertheless, the suitability of the property sought to be expropriated for the purpose as stated is primarily a question of fact, on which the judgment of the district court will not be disturbed unless manifestly erroneous, and particularly when that judgment has constituted an affirmation of the determination of the expropriating authority, arrived at after due, impartial consideration.

■ In support of his argument that the proposed improvement in the municipal water distribution system of the City of Westwego is not for the benefit of the taxpayers, but rather for the purpose of supplying water to persons outside the city limits, and therefore a private function, intervenor has introduced in evidence (1) copy of contract for water supply, between City of Westwego and Jefferson Parish Water Works District No. 5, dated November 20, 1951, and (2) copy of Agreement of Franchise between City of Westwego and Jefferson Parish Waterworks District No. 5, dated November 20, 1951. Regardless of the merits of intervenor's contention, it is our opinion that under LSA–R.S. 33:1321 et seq., "The Local Services Law", the municipality was not only authorized to enter into these agreements aforesaid, but was also authorized to exercise the power of eminent domain indiscriminately with respect to property within, as well as without, its limits: LSA–R.S. 33:1329. "Acquisition of property

"Any parish or municipality may acquire, by gift, grant, purchase, or condemnation proceedings or otherwise, all property, including rights of way, necessary to effectuate arrangements concluded under the terms of this Part. Where condemnation is necessary, the parish or municipality shall follow the

procedures which, under existing law, govern its acquisition of property by condemnation."

To hold otherwise would be to thwart the declared purpose of The Local Services Law, which is,

"(Legislative Declaration of Policy) That taking cognizance of the fact that cooperative activity upon the part of parishes and municipalities is conductive to more efficient and more economical local government, and of the fact that it is frequently beneficial to the citizens of the State who have services extended beyond local governmental boundaries, the Legislature commends to parishes and municipalities a wider use of the arrangements herein contemplated and declares, as a matter of legislative intent, that the general policy of this act is to encourage, through the use of such arrangements, greater economy and efficiency in the operation of local services and to extend the benefits of such services, and further declares that the provisions of this act shall be liberally construed to that end." (Act 246 of 1942, Section 3.)

We find no error in the judgment complained of.

For the reasons assigned, the judgment appealed from is affirmed, appellants to pay all costs of court.