The questions raised by the motion filed by the appellees to dismiss the present appeal are identical to those in Krauss Company, Limited v. Develle, 235 La. 1013, 106 So.2d 452, with which the present suit was consolidated for purposes of trial and appeal.

For the reasons set forth in a decision rendered therein on this day, 235 La. 1013, 106 So.2d 452, the motion to dismiss the present appeal is denied.

106 So.2d 455

**STATE of Louisiana, Through The DEPARTMENT OF HIGHWAYS**

v.

**Ignace V. MACALUSO et al.**

No. 44254.

Nov. 10, 1958.

W. Crosby Pegues, Jr., D. Ross Banister, Glenn S. Darsey, Braxton B. Croom, Norman L. Sisson, Richard Alsina Fulton, Baton Rouge, for relator.

Charles O. Dupont, Plaquemine, for defendants.

TATE, Justice.

Under our supervisory jurisdiction, writs were granted in these companion expropriation suits to review judgments of the trial court holding Act 107 of 1954 (LSA–R.S. 48:441–460) unconstitutional and enjoining the State Department of Highways from taking possession of certain property

of defendant-respondents sought herein to be expropriated for highway purposes.

Act 107 of 1954 permits ex parte expropriations and immediate possession by the State for highway purposes upon deposit of estimated adequate compensation for the taking in the registry of the court, at the same time preserving the property owner's subsequent right to contest in court the amount of compensation for and the public purpose of the taking.[1]

The statute was enacted pursuant to the authority granted to the Legislature by Article VI, Section 19.1 of the Louisiana Constitution (Act 548 of 1948, ratified by the people November 2, 1948), LSA, which in full provides:

"The Legislature shall have authority to authorize the taking of property for highway purposes by orders rendered ex parte in expropriation suits prior to judgment therein provided that provision be made for deposit before such taking with a court officer for the amount of appraisals of the property so taken and damages to which the owner thereof may be entitled, if any, which appraisals may be made in such manner as may be provided by law either before or after institution of suit, and need not be by judicially appointed appraisers."

We cannot agree with defendants' contention that the constitutional provision grants [1(a)] the Legislature power to

---

1. This statute authorizes the Department of Highways ("the Department") to take property for highway purposes by ex parte orders prior to judgment in expropriation suits, upon compliance with certain statutory conditions, including certification that the taking is in accord with highway needs, and upon deposit into the registry of the court of a fair estimated compensation for the taking. LSA–R.S. 48:442–445. " * * * Upon such deposit, title to the property and property rights specified in the petition shall vest in the department and the right to just and adequate compensation therefor shall vest in the persons entitled thereto," Section 445.

Notice of the taking must be given every defendant property owner affected (Sec. 446), who may contest the validity of the taking upon the sole ground that the property was not expropriated for a public purpose (Sec. 447, cf. Sec. 460), otherwise having only the right to demand additional compensation for the taking (Secs. 450, 451, 455). Under the act, suspensive appeals from the vesting of title in the Department are not permitted, Section 459; nor may the Department be divested by court order of any property expropriated under the act "except where such court finds that the property was not taken for a public use", in which event the property owner must be compensated for the period during which he was improperly deprived of possession of his property, Section 460.

1(a). Technically, the provisions of a state constitution are limitations upon the power of state legislatures, and not grants of power thereto, since the legislative powers of the people are subject to exercise by the state legislature in the absence of constitutional restrictions. State v. Pete, 206 La. 1078, 20 So.2d 368; Ricks v. Department of State Civil Service, 200 La. 341, 8 So.2d 49; State er rel. Porterie v. Charity Hospital, 182 La. 268, 161 So. 606. However, previous constitutional pro-

authorize only such ex parte expropriation orders as are to be issued at the discretion of the trial court. The legislative requirement that the trial court *"shall* issue an order" of expropriation upon the Department's compliance with the statutory prerequisites [2] does not exceed the authority conferred by the constitutional provision to the Legislature "to authorize the taking of property for highway purposes by orders rendered ex parte in expropriation suits prior to judgment therein."

The respondent property owners further contend that Act 107 of 1954 violates various provisions of our State Constitution requiring due process and prior compensation before a taking for a public purpose (Art. I, Secs. 2,[3] 6;[4] Art. IV, Sec. 15[5]) and requiring a separation of powers between the judiciary and other branches of our State Government (Art. II, Secs. 1,[6] 2;[7] Art. VII, Sec. 3[8]), basing this argument upon the rules of construction that seemingly inconsistent constitutional provisions should be harmonized wherever possible and that repeal of prior constitutional provisions by implication are not favored.

The contention cannot be sustained that the Act should be held violative

---

visions had been interpreted so as to deprive the legislature of the power to authorize summary expropriation procedures now authorized by Article VI, Section 19.1, which later constitutional enactment is in that sense a "grant" of power to the legislature.

2. The provision authorizing the ex parte order of expropriation found in Section 444 concludes that "upon presentation of the petition [with attached certificates as to necessity and valuation], the court shall issue an order directing that the amount of the estimate be deposited in the registry of the court and declaring that the property described in the petition has been taken for highway purposes at the time of the deposit."

3. Art. I, Sec. 2: "No person shall be deprived of life, liberty or property, except by due process of law. *Except as otherwise provided in this constitution,* private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid." (Italics ours.)

4. Art. I, Sec. 6: "All courts shall be open, and every person for injury done him in his rights, lands, goods, person or reputation shall have adequate remedy by due process of law and justice administered without denial, partiality or unreasonable delay."

5. Art. IV, Sec. 15: "No ex-post facto law, nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid."

6. Art. II, Sec. 1: "The powers of the government of the State of Louisiana shall be divided unto three distinct departments—legislative, executive, and judicial."

7. Art. II, Sec. 2: "No one of these departments, nor any person or collection of persons holding office in one of them, shall exercise power properly belonging to either of the others, *except in the instances hereinafter expressly directed or permitted."* (Italics ours.)

8. Art. VII, Sec. 3: "No function shall ever be attached to any court of record, or the judges thereof, except such as are judicial; nor shall such judges practice law. This shall not apply to judges of city courts, which may become courts of record."

of State constitutional provisions adopted before the amendment of our Constitution by Article VI, Section 19.1, for the statute under consideration was enacted pursuant to and within the bounds of the constitutional authorization granted to the legislature by the amendment of the Constitution by Section 19.1. The earlier State constitutional provisions must yield to the subsequently enacted Article VI, Section 19.1, to the extent that they are in conflict therewith. State ex rel. Kemp v. City of Baton Rouge, 215 La. 315, 40 So.2d 477. As stated at 11 Am.Jur. "Constitutional Law", Section 54, pp. 663–4, a constitutional amendment "cannot be questioned on the ground that it conflicts with pre-existing provisions. If there is a real inconsistency, the amendment must prevail because it is the latest expression of the will of the people. In such a case there is no room for the application of the rule as to harmonizing inconsistent provisions." See also, 16 C.J.S. Constitutional Law § 26.

■ Further, the constitutional provision specially authorizing ex parte expropriations prior to judgment necessarily controls in the event of any conflict between it and general State constitutional provisions pertaining to due process and separation of powers, for a special provision prevails in respect of its subject matter over general provisions in conflict therewith. State ex rel. Kemp v. City of Baton Rouge, 215 La.

315, 40 So.2d 477; Berteau v. Police Jury, 214 La. 1003, 39 So.2d 594; 16 C.J.S. Constitutional Law § 25; 11 Am.Jur. "Constitutional Law" Section 53 at p. 663.

■ Before the adoption of Article VI, Section 19.1, taking of property before judgment, De Bouchel v. Louisiana Highway Commission, 172 La. 908, 135 So. 914, or without notice and an opportunity to be heard, Charles Tolmas, Inc., v. Police Jury, 231 La. 1, 90 So.2d 65, were indeed (as respondents argue) held violative of the State constitutional provisions relied upon by respondents. Likewise, any attempt to expropriate property in such summary manner may be violative of the cited constitutional provisions if done otherwise than pursuant to a statutory enactment thus expressly authorized by Article VI, Section 19.1. Williams v. Department of Highways, La.App., 1 Cir., 92 So.2d 98, writs of certiorari and review denied.

But the evident purpose of Article VI, Section 19.1, was to authorize such ex parte takings prior to judgment formerly and otherwise prohibited by the State constitutional provisions now relied upon by the respondent property owners herein. This governing constitutional enactment, of course, overrides within its scope earlier expressions and holdings cited to the effect that the necessity of the taking is a matter for judicial determination. Cf. City of

Westwego v. Marrero Land & Imp. Ass'n, 221 La. 564, 59 So.2d 885. Similarly, cases cited by respondents which held unconstitutional legislation mandatorily requiring courts to issue ex parte orders or to perform ministerial duties, Mongogna v. O'Dwyer, 204 La. 1030, 16 So.2d 829, 152 A.L.R. 162; In re Interstate Trust & Banking Co., 204 La. 323, 15 So.2d 369, did not (even if not otherwise distinguishable) concern legislation enacted pursuant to a specific grant of constitutional power such as was the present.

■ Respondents' final contention is that Act 107 of 1954 offends federal due process requirements.[9] This argument has little merit. As the United States Supreme Court stated in Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135, in upholding a State enactment similarly to the present Louisiana statute permitting an ex parte taking with immediate possession for highway purposes without any hearing whatsoever provided as to the necessity of the taking although with an eventual full judicial hearing (if desired) upon the property owner's claim for compensation, 251 U.S. 58–59, 62, 40 S.Ct. 63:

"Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the state may designate. They are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the Fourteenth Amendment. [Citations omitted]

"But it is essential to due process that the mode of determining the compensation be such as to afford the owner an opportunity to be heard. Among several admissible modes is that of causing the amount to be assessed by viewers, subject to an appeal to a court, carrying with it a right to have the matter determined upon a full trial. [Citations omitted] And where this mode is adopted due process does not require that a hearing before the viewers be afforded, but is satisfied by the full hearing that may be obtained by exercising the right to appeal. [Citations omitted]

\*  \*  \*  \*  \*  \*

"\* \* \* [I]t is settled by the decisions of this court that where adequate provision is made for the certain payment of the compensation without unreasonable delay, the taking does not contravene due process of law in the sense of the Fourteenth Amendment merely because it precedes the ascer-

---

9. The provision of the 14th Amendment, U. S. Constitution, relied upon is: "\* \* nor shall any State deprive any person of life, liberty, or property, without due process of law \* \* \*"

tainment of what compensation is just. [Citations omitted]"

See also: State of Georgia v. City of Chattanooga, 264 U.S. 472, 44 S.Ct. 369, 68 L.Ed. 796; Rindge Company v. Los Angeles County, 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed. 1186.

Likewise, the constitutionality of the federal Declaration of Taking Act,[10] upon which Louisiana Act 107 of 1954 is closely patterned, has been upheld as against similar contentions that the ex parte taking without a prior opportunity to be heard offended due process. City of Oakland v. United States, 9 Cir., 124 F.2d 959, certiorari denied 316 U.S. 679, 62 S.Ct. 1106, 86 L.Ed. 1753.

We, therefore, hold that Act 107 of 1954 is valid and constitutional insofar as it applies to the present proceedings.

For the reasons assigned, the judgments of the District Court enjoining the Department of Highways from taking possession of the property expropriated are annulled and set aside, and these cases are remanded to the trial court for further proceedings according to law and not inconsistent with the views herein expressed.

FOURNET, C. J., absent.

10. Approved February 26, 1931, c. 307, 46 Stat. 1421, 40 U.S.C.A. §§ 258a–258c.