I dissented on the issue of the defendant's liability vel non when the case was here before (see Marine Insurance Company v. Strecker, 234 La. 522, 100 So.2d 493) but that issue of law has long since passed out of the case. Being in accord with the views expressed in the main opinion on the question of defendant's negligence, I respectfully concur in the decree.

{24 So.2d 53{

**STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS**

v.

**Ray GUIDRY.**

No. 44570.

Nov. 7, 1960.

Rehearing Denied Dec. 12, 1960.

D. Ross Banister, Glenn S. Darsey, Norman L. Sisson, Baton Rouge, for plaintiff-applicant.

Elton A. Darsey, Houma, for defendant-respondent.

TURNER, Justice.

The State of Louisiana, through the Department of Highways, filed suit for the expropriation of 0.574 acres of land owned by defendant, Ray Guidry, for highway purposes. Suit was filed in accordance with the authority conferred by Article VI, Section 19.1, of the Louisiana Constitution, LSA, and the provisions of Act 107 of 1954 (LSA–R.S. 48:441–48:460), which authorize the State, through the Department of Highways, to take property for

highway purposes by ex parte orders in expropriation suits prior to judgment therein under certain conditions stated in LSA–R.S. 48:442, 443 and 444. Upon the showing made in the petition and exhibits, the district court issued an order of expropriation for defendant's land upon the deposit by the State of Louisiana of $1,775 in the registry of the court. The taking was a partial taking and the deposit made allowance for damages but not for minerals.

Following the deposit, in compliance with the order of expropriation, defendant filed a motion to dismiss the suit and to vacate the order of expropriation on two grounds: (1) that Act 107 of 1954 is unconstitutional and (2) that plaintiff needs only a servitude over his property, and by these proceedings the plaintiff is attempting to deprive defendant of mineral-producing property which plaintiff cannot use for a public purpose or for a public utility or use.

The district court on the motion to dismiss sustained the constitutionality of the statute and held that the property was taken for a public purpose thereby overruling defendant's motion.

The district court heard the case on the merits on defendant's contest as to the adequacy of the amount tendered as compensation and, after hearing the evidence, added the amount of $847.67, said amount being for the minerals under the land expropriated. This additional amount was award-

ed on the testimony of defendant's own witnesses.

Defendant appealed to the Court of Appeal, First Circuit, on the two grounds he had urged on the motion to dismiss in the district court.

The Court of Appeal found it unnecessary to consider the plea of unconstitutionality of the statute as, pending appeal to that Court, this Court held the statute constitutional in State Through Dept. of Highways v. Macaluso, 235 La. 1019, 106 So.2d 455.

On the second ground, the Court of Appeal held that the Highway Department had not proved the necessity of taking the full ownership of the property and reversed the judgment of the district court by divesting the Highway Department of full ownership and awarded a servitude only over defendant's land. The Court of Appeal further amended the judgment of the district court by striking therefrom the sum allowed for the value of the minerals under the land on the ground that the minerals had been restored to the owner.

Thereupon, plaintiff applied to this Court for a writ of certiorari or review, which was granted.

The primary issue for our consideration is whether the question of the necessity for the taking of property expropriated by the Highway Department under Article VI, Section 19.1, of the Constitution and Act

107 of 1954 (LSA–R.S. 48:441–48:460) is subject to judicial review.

▇▇▇ Prior to the enactment of Act 107 of 1954 the owner of expropriated property was entitled to contest the question of necessity of the taking before the courts, and may still do so when the property has been expropriated under the general expropriation laws of the State. Parish of Iberia v. Cook, 238 La. 697, 116 So.2d 491; City of Westwego v. Marrero Land & Imp. Ass'n, 221 La. 564, 59 So.2d 885; City of Shreveport v. Kansas City, S. & G. Ry. Co., 169 La. 1085, 126 So. 667. With the adoption of constitutional Article VI, Section 19.1 and Act 107 of 1954, however, when the Highway Department expropriates property under these provisions, there are only two questions which the courts may determine: (1) the adequacy of the compensation,[1] and (2) whether the property was taken for a public purpose.[2] Decisions relied upon by the Court of Appeal in reaching its decision that the question of the necessity or expediency of the taking by

the Highway Department for highway purposes is subject to judicial review are no longer controlling. Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such a manner as the State may designate. They are legislative questions no matter who may be charged with their decision. Rindge Co. v. Los Angeles County, 262 U.S. 700, 43 S.Ct. 689, 67 L.Ed. 1186; see also Nichols on Eminent Domain, 3rd Ed., Vol. I, Secs. 4.11, 4.11(1) and 4.11(3). In Louisiana, the Legislature has delegated to the Highway Department the power to determine the necessity for expropriating property for highway purposes and the owner of land expropriated has no constitutional right to have the department's decision as to the necessity thereof reviewed in judicial proceedings. See State through Dept. of Highways v. Macaluso, supra, wherein this Court stated [235 La. 1019, 106 So.2d 458]:

"But the evident purpose of Article VI, Section 19.1, was to authorize such ex parte takings prior to judg-

---

1. LSA–R.S. 48:445: "Upon the deposit of the amount of the estimate in the registry of the court, for the use and benefit of the persons entitled thereto, the clerk shall issue a receipt showing the amount deposited, the date it was deposited, the style and number of the cause, and the description of the property and property rights as contained in the petition. Upon such deposit, title to the property and property rights specified in the petition shall vest in the department and the right to just and adequate compensation there-for shall vest in the persons entitled thereto."

2. LSA–R.S. 48:460: "The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use. In the event of such findings, the court shall enter such judgment as may be necessary to compensate the defendant for the period during which the property was in the possession of the plaintiff and to recover for the plaintiff any award paid."

ment formerly and otherwise prohibited by the State constitutional provisions now relied upon by the respondent property owners herein. This governing constitutional enactment, of course, overrides within its scope earlier expressions and holdings cited to the effect that the necessity of the taking is a matter for judicial determination."

The Court of Appeal fell into error in failing to apply the principles laid down in the Macaluso case and in the case of State Through Dept. of Highways v. Wm. T. Burton Industries, 231 La. 360, 91 So.2d 375, 377, where we held:

"We think it clear that the judge erred in vacating the order of expropriation and dismissing relator's suit. The position of respondent that the $292 estimate of just compensation for the property taken is only one-half of its value appears to be frivolous as the pleadings, considered as a whole, make it manifest that the $292 estimate was fixed by the realtors as the fair value for the entire acreage shown by the survey (Exhibit P–3) of the property involved. But, even were it otherwise, the judge was without right to set aside the order of expropriation on a motion to dismiss in the absence of a finding that the property was not taken for a public use. R.S. 48:460 declares, in part, that:

" 'The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use.'

"Under the provisions of R.S. 48:-445 title to the property vested in relator at the time it deposited the $292 in the registry of the court. Therefore, without a showing by respondent that the property was not taken for a public use, relator could not have been lawfully divested of its title."

Highways, super-highways, multi-lane highways, expressways with their cloverleaves, underpasses, overpasses, interchanges, approaches, et cetera, have become such an integral part of our life that in order properly to lay out, construct, maintain, operate and police same the Legislature by appropriate legislation and the people by constitutional amendment have seen fit to grant to the authorities in charge of highway construction and maintenance a liberal right in expropriation proceedings. Constitutional Article VI, Section 19.1, and Act 107 of 1954 (LSA–R.S. 48:441–48:-460). They have eliminated the necessity of judicial determination of proving necessity in the taking of a person's property. Of course, the reasoning behind this is obvious. A great part of our tax money goes to the maintenance, operation and construction of highways. Highways, of course, transverse the State from one end to the

other, and from an engineering point of view it is an economical undertaking to plan their construction on a state-wide basis. When this is done it can readily be seen that to permit a judicial review and determination of each one of thousands of parcels of property necessarily taken to construct a highway, such as U. S. Highway 80, to be an expressway which spans the State from Vicksburg, Mississippi, to Waskom, Texas, would be to impede the operation and construction to a point that would completely paralyze the Department of Highways. We have to consider these factors when we seek to determine the intent and meaning of the constitutional amendment and legislative act referred to. We assume that a department, such as the Department of Highways, with the responsibility of expending as much money as they have to expend, will employ competent engineers to draw the plans and to certify that the property proposed to be taken is for public use. Were we called upon to determine judicially the necessity, such as route, area, number of feet, nature of title, et cetera, we, not being engineers, would naturally have to depend upon the testimony of the engineers to arrive at a judicial determination as to the necessity.

■ It is within the discretion of the Highway Department, having been designated as the agency to expropriate the required land to construct the roadway approaches to the Intracoastal Waterway Ferry located near the intersection of Bayou Blue, with the canal, to determine whether full ownership of the expropriated land or merely a servitude is necessary.

As the construction contemplated is for a public purpose, only the question of adequacy of compensation remains for judicial review.

The evidence in this case shows that the 0.574 acres involved herein consists of two small parcels, each contiguous to a roadway upon which only a servitude in favor of the Highway Department exists. The two small parcels have no physical structures for the production of oil or other minerals situated thereon. However, the property is under a mineral lease and is in a unit which is producing oil. The fact that the operator of this mineral lease is draining oil from this property will not be altered by the proposed use of the surface by the Highway Department. The question of the division of the minerals reduced to possession is not before us at this time.

The District Court heard all the evidence as to the adequacy of the compensation deposited and, upon finding that the appraisers had not considered the value of the minerals in fixing the award, added the amount previously stated to that initially deposited.

■ Counsel for defendant in brief and oral argument seeks an increase in the amount of the award to replace certain

shell roads that defendant claimed plaintiff has destroyed and to build a bridge made necessary by plaintiff's construction. Inasmuch as he has made no application for writs we cannot consider these claims. Blasingame v. Anderson, 236 La. 505, 108 So.2d 105; and Corkern v. Travelers Insurance Co., 229 La. 592, 86 So.2d 205.

. It is therefore ordered, adjudged and decreed that the judgment of the Court of Appeal granting a servitude only in and upon the land expropriated be and the same is hereby reversed, and the judgment of the District Court is reinstated and affirmed. Cost of this Court to be borne by the defendant.