SAVOY, Judge.
This is an expropriation suit instituted under the Highway Expropriation Act, being Act No. 107 of 1954 (LSA-R.S. 48:-441 to 48:460). After the original order of expropriation was signed defendant landowner filed motions to reduce the amount of land taken. After two hearings, the last being held on September 22, 1960, the. trial judge rendered judgment reducing the amount of property taken by the Highway Department, approving and adopting a new plan for constructing, highways at this particular intersection, which plan was prepared by an engineer hired by the landowner, and ordering that the deposit required from the Highway Department be reduced to cover only the land actually taken.
Plaintiff applied to this Court for writs of certiorari, prohibition and mandamus, which were granted.
The sole matter for determination is whether the question of the necessity for the taking of property expropriated by the Highway Department under Article VI, Section 19.1, of the Constitution, LSA, and Act 107 of 1954 (LSA-R.S. 48:441 to 48:-460) is subject to judicial review.
The matter was submitted to this Court on written briefs by counsel for both parties.
*504 Counsel for the defendant landowner contended that the district court could reject the action of the Highway Department in taking the property or in designing the highway, citing as authority in support of this contention the case of State v. Guidry, La.App. 1 Cir., 1959, 109 So.2d 231.
Counsel for plaintiff took the position that the only two questions which the district court could determine in a proceeding of this type were (1) the adequacy of the compensation, and (2) whether the property was taken for public purposes.
In the Guidry case, supra, the Supreme Court granted writs and upon a hearing of the issues maintained the position taken by the plaintiff Highway Department in the case at bar. This case was decided on November 7, 1960, and a re-hearing was refused on December 12, 1960. See State of Louisiana, through Department of Highways v. Guidry, La., 124 So.2d 531. In its opinion the Supreme Court said that .prior to the enactment of Act 107 of 1954, the owner of expropriated property was entitled to contest the question of necessity of taking before the courts of this state; that with the adoption of constitutional Article VI, Section 19.1 and Act 107 of 1954, when the Highway Department expropriates property under these provisions of law, there are only two questions which the courts may determine: (1) the adequacy of the compensation, and (2) whether the property was taken for a public purpose.
In the case at bar defendant landowner does not complain that the property was not taken for a public purpose.
In view of the positive language of the Supreme Court in the Guidry case, supra, this Court is of the opinion that the district judge was without authority to reduce the amount of property taken by the Highway Department in this case.
For the reasons assigned, the judgment of the district court dated September 22, 1960, modifying the order of expropriation dated March 10, 1960, is annulled and set aside, and the order of expropriation is hereby reinstated.
This case is remanded to tire district court for trial according to law. Costs of these proceedings to be paid by respondent.