LOTTINGER, Judge.
This and the matter entitled “State of Louisiana, Through The Department of Highways versus Luke Carlina”, which by consent of counsel were consolidated for trial, are expropriations suits filed under the authority of Article VI, Section 19.1 of the Constitution of the State of Louisiana, LSA and the provisions of LSA-R.S. 48:441-48:460. Pursuant to the cited authorities the district court issued orders expropriating the property of defendants in-full ownership, subject to the reservation in perpetuity in favor of the defendants of all oil, gas or other minerals located under said property or the royalties therefrom in accordance with LSA-R.S. 9:5806 and subject to any existing oil, gas or mineral reservation or to any existing oil, gas or mineral lease. The defendants filed motions to dismiss on the ground that the State’s petitions fail to allege any reason necessitating a taking in full ownership rather than a servitude which would be all that is necessary for plaintiff’s needs.
The district court refused to dismiss the suit but did render judgments in favor of the defendants by amending the orders of expropriation so as to annul the taking in full ownership and to award only a servitude. The State’s applications for writs were denied by the Supreme Court and it has appealed.
The lower court’s decision in each case was based on our holding in the case of State of Louisiana, through the Department of Highways v. Guidry, La.App., 109 So.2d 231, where, in a similar situation, to that presented here, we awarded only a servitude holding that “To take the fee or full *224 ownership * * * when the full ownership is not needed and a servitude would be all that was necessary for the construction of the public improvement would be grossly inequitable and violative of the settled jurisprudence of Louisiana”.
Subsequent to the rendition of judgment by this court writs were applied for and granted by the Supreme Court in the Guidry case (see 240 La. 516, 124 So.2d 531) and our decision was reversed, the court holding that it is discretionary with the Highway Department as to whether full ownership or merely a servitude is necessary. Being of course bound by the Supreme Court’s view (as acknowledged by counsel for appellees), we have no alternative but to reverse the lower court.
For the reasons assigned the judgment appealed from is reversed, the original order of expropriation reinstated and the matter remanded to the district court for proceedings relative to compensation to which defendants may be entitled under the provisions of LSA-R.S. 48:441 et seq.
Judgment reversed and case remanded.