BARHAM, Judge.
Plaintiff filed this expropriation proceeding under LSA-R.S. 48:441-460, which articles are commonly termed the “quick taking statute”. The petition is accompanied by the certificate of necessity and it is alleged “ * * * it is necessary for petitioner to acquire * * * the above described property, in full ownership, subject to the mineral reservation * * * ” A deposit of what is represented to be full compensation in the amount of $19,490.00 accompanied the petition. All other necessary certificates and attachments and affidavits from the appropriate personnel are a part of the record. The defendants filed a motion to dismiss under LSA-R.S. 48:447 within the ten day limit set forth in that article. Petitioner answered the motion to dismiss. The judgment of' the lower court was in favor of the plaintiff, State of Louisiana, through the Department of Highways, “ * * * dismissing defendants’ motion to dismiss.” From this judgment defendants have appealed. Plaintiff-appellee has filed with us an exception of no right/no cause of action leveled at defendants’-appellants’ motion to dismiss. We find no provision under our law for a plaintiff to except to motions filed by defendants ; we, therefore, disregard the exception.
The defendants in their motion alleged that the property expropriated by the district court in this matter under its order of April 5, 1967, was not expropriated for public use and that said order should be recalled and these proceedings dismissed. They further alleged that the order expropriated in full ownership and that full ownership of the property is not for a public use. They then alleged a series of consultations, proposals, counterproposals and attempts for acquisition without expropriation proceedings, wherein the State and the defendants considered a servitude for right-of-way for road purposes rather than full ownership. The defendants’ motion to dismiss contends simply that full ownership of the land is not for “public use” and that a *599 servitude would suffice for the purpose required by the State.
LSA-R.S. 48:447.
“Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public use may file a motion to dismiss the suit within ten days from the date the notice was served on him. He shall certify thereon that a copy thereof has been served personally or by mail on either the plaintiff or his attorney of record in the suit. This motion shall be tried contradictorily with the plaintiff.
“Failure to file the motion within the time provided or to serve a copy thereof on the plaintiff constitutes a waiver of all defenses to the suit except claims for compensation.” (Emphasis supplied)
LSA-R.S. 48:460.
“The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use. In the event of such findings, the court shall enter such judgment as may be necessary to compensate the defendant for the period during which the property was in the possession of the plaintiff and to recover for the plaintiff any award paid.” (Emphasis supplied)
Appellants contend in their argument before this Court that they have been denied their day in Court. LSA-R.S. 48:447 specifically provides that the motion to dismiss leveled at an expropriation not for a public use “ * * * shall be tried contradictorily with the plaintiff.” We find, however, that appellants had their day in court and that their motion was tried contradictorily. The pertinent minutes of the Court are as follows:
“Apr. 19, 1967 Motion to dismiss filed April 14, 1967 by Defendants.
“May S, 1967 Answer to motion to dismiss filed May 3, 1967 by Plaintiff.
“May 29, 1967 Motion to dismiss filed by Defendants argued, submitted and overruled. — (Judge Dixon)
“May 31, 1967 Judgment on motion read, signed and filed.”
The matter was tried before the lower court after the filing of an answer by the Department of Highways to the motion to dismiss and the preamble to the judgment rendered therein reads:
“This matter having come on for hearing upon defendant’s motion to dismiss, the law and the evidence being in favor thereof:”
* * *
We conclude, therefore, that plaintiff has been provided with a contradictory hearing and the only matter before this Court concerns the evidence, if any, in that hearing and the law applicable thereto.
Article I, Section 2 of the Constitution of 1921, LSA-C.C. articles 497, 2626, 2627 all provide, in general, the right and authority for the taking of private property for the general use of the public when it becomes necessary, provided there is indemnification for the taking.
As stated in State, Through Department of Highways v. Bradford, 242 La. 1095, 141 So.2d 378, 379 (1961): *600 process requirements. Its language is as follows:
*599 “Undoubtedly because of the vexation of the restraint imposed in certain cases by the due process clause contained in this article, [Article I, Section 2, LSA-Const.] which required a judicial determination of the necessity for the taking, and the delays incident to that requirement, a constitutional amendment was enacted creating an exception to this restraint. This amendment permits what is sometimes called a ‘quick taking’ of private property for highway purposes, dispensing with the requirement of prior adjudication of the question of necessity for the taking, thereby relaxing the due
*600 “ ‘The Legislature shall have authority to authorize the taking of property for highway purposes by orders rendered ex parte in expropriation suits prior to judgment therein provided that provision be made for deposit before such taking with a court officer for the amount of appraisals of the property so taken and damages to which the owner thereof may be entitled, if any, which appraisals may be made in such manner as may be provided by law either before or after institution of suit, and need not be by judicially appointed appraisers.’ Article VI, Sec. 19.1, Louisiana Constitution.
“To implement this exception to the constitutional limitation on its power of eminent domain, and to delegate the sovereign right of expropriation vested in it, the Legislature enacted LSA-R.S. 48:-441-460, in 1954, providing for expropriation by the Department of Highways by a ‘Declaration of Taking.’ This legislation permits taking — including possession and title — of ‘property, including both corporeal property and servitudes’, for highway purposes prior to judgment in the trial court. The bases of this procedure are resolutions of the Highway Board declaring the taking to be necessary, certain certificates of highway officials to be discussed later, and depositing in the registry of the court the amount of the estimated value of the property taken. The constitutionality of this legislation has been upheld by this Court. State, Through the Department of Highways v. Guidry, 240 La. 516, 124 So.2d 531; State, Through the Department of Highways v. Macaluso, et al., 235 La. 1019, 106 So.2d 455.”
State, Through Department of Highways v. Macaluso, 235 La. 1019, 106 So.2d 455 (1958) particularly held that LSA-R.S. 48:441-460 had overturned and made obsolete earlier expressions and holdings that the “ * * * necessity of the taking is a matter for judicial determination.” The jurisprudence since this judicial expression has uniformly held that only two questions are left for determination by the courts under the constitutional amendment and the “quick taking statutes”, i.e. (1) the adequacy of the compensation, and (2) whether the property was taken for a public use.
State, Through Department of Highways v. Guidry, 240 La. 516, 124 So.2d 531 (1960), which reversed an appellate court holding (State v. Guidry, 109 So.2d 231 [1st Cir., 1959]) held:
“It is within the discretion of the Highway Department, having been designated as the agency to expropriate the required land to construct the roadway approaches * * *, to determine whether full ownership of the expropriated land or merely a servitude is necessary.”
In State, Through Department of Highways v. Todd, 139 So.2d 223 (La.App.1962), the identical question was raised again in the First Circuit and the Court therein held:
“Subsequent to the rendition of judgment by this court writs were applied for and granted by the Supreme Court in the Guidry case (see 240 La. 516, 124 So.2d 531) and our decision was reversed, the court holding that it is discretionary with the Highway Department as to whether full ownership or merely a servitude is necessary. Being of course bound by the Supreme Court’s view (as acknowledged by counsel for appellees), we have no alternative but to reverse the lower court.”
In State, Through Department of Highways v. Waterbury, La.App., 125 So.2d 503 (3d Cir., 1960), a lower court judgment had reduced the amount of property taken by the highway department and the appellate court found:
“In the case at bar defendant landowner does not complain that the property was not taken for a public purpose.
*601 “In view of the positive language of the Supreme Court in the Guidry case, supra, this Court is of the opinion that the district judge was without authority to reduce the amount of property taken by the Highway Department in this case.”
State, Through Department of Highways v. Bradford, supra, is probably most definitive of the Supreme Court’s expression in regard to the Department of Highways’ authority to take title upon deposit of compensation without the requirement of any judicial determination. Justice Summers, writing on the original hearing, held that the taking of 14 acres located almost one-half mile from the highway right-of-way for the purpose of excavating dirt for use on the highway should be subject to judicial determination or review under LSA-R.S. 48:222. It is a very strongly worded opinion in which he states:
“The property owner’s right to require an inquiry into whether the power of eminent domain being exercised by the Department of Highways is arbitrary or at variance with its delegated power so as to inflict unnecessary damage upon the property owner has not been foreclosed by Article VI, Section 19.1 of the Constitution and LSA-R.S. 48:441-460.
“This tribunal being the natural guardian of private property finds this is a proper occasion to assert that guardianship and deny to the Department of Highways the construction it seeks to the constitutional amendment and the statute in question. (Article VI, Section 19.1 and LSA-R.S. 48:441-460.) We are of the opinion that the people in adopting the amendment and the Legislature in adopting the statute which are before us did not intend the result which the Department of Highways seeks here, nor does the very language of these enactments permit that result.”
However, on rehearing the Court reversed its holding and in referring to Section 19.1 of Article VI of the Constitution stated:
“This language, albeit broad in scope, is clear and explicit. Hence it is not subject to construction and should be applied according to the most usual signification in which the words used are generally understood. Article 14 of the Civil Code. The word ‘property’ includes all property which is subject to the power of eminent domain under our law, i. e. — immovables (see R.S. 48:217; R.S. 48:222; R.S. 48:223), wherever situated — provided the taking is for a highway purpose, i. e. for use in the building, improvement, maintenance and repair of the State highway system (see R.S. 48:21), and not whether the land to be taken is or is not part of the highway right of way. If the framers of Section 19.1 had intended that the authorization to the Legislature to expropriate property by ex parte orders was to be limited to the property forming part of the highway right of way, it would have been easy to thus provide by appropriate language. Indeed, the very fact that the language used is of broad scope must be considered by us as a cogent reason for not restricting the meaning of the law to categories not plainly indicated by the lawmaker.”
LSA-C.C. art. 20:
“The distinction of laws into odious laws and laws entitled to favor, with a view of narrowing or extending their construction, can not be made by those whose duty it is to interpret them.”
Additionally, the jurisprudence of the Courts of this State, and particularly that which is established by the Supreme Court, leaves this Court no choice but to affirm the lower court.
We do hold, however, that judicial review is possible under LSA-R.S. 48:447 for more than just an inquiry into whether or not the use is “public” as opposed to “private”.
Bad faith and/or abuse of discretion in the determination made by the Department of Highways as to that which is *602 expropriated for public use should be subject to judicial review. This would not be an inquiry into the necessity of the proposed public highway but it would be an inquiry into abuse and bad faith by the department in determining that which will be used by the public. Shoemaker v. United States, 147 U.S. 282, 13 S.Ct. 361, 37 L.Ed. 170; Sears v. City of Akron, 246 U.S. 242, 38 S.Ct. 245, 62 L.Ed. 688; United States v. Gettysburg Electric Railway Co., 160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576; Barnidge v. United States, 8 Cir., 101 F.2d 295; United States v. Threlkeld, 10 Cir., 72 F.2d 464, certiorari denied, 293 U.S. 620, 55 S.Ct. 215, 79 L.Ed. 708; 2 Cooley, Constitutional Limitations (8th Ed. 1927) pp. 1145— 1147; 1 Lewis, Eminent Domain (Ed. 1909) Sec. 370, p. 677.
Defendants’ motion to dismiss did not contend intended private use as opposed to public use. Neither did defendants contend bad faith or such abuse of discretion by the Department of Highways as would require judicial review, nor does the record before us reflect such abuse.
The total record before this Court consists of plaintiff’s petition, the necessary declarations of necessity, etc., and defendants’ motion to dismiss accompanied by correspondence with the Department of Highways. In one of these letters, written September 15, 1966, an attorney for that department stated: “ * * * the Department is willing to accept a Right of Way Deed, for servitude only, in lieu of a purchase in fee.”
The Department of Highways’ petition filed almost one year later declares categorically :
“ * * * the acquisition of said property, in full ownership, is necessary for the work and purposes of petitioner and in order that petitioner can properly fulfill its functions for a needed public improvement.”
The evidence in the instant case is merely that during negotiations a servitude was considered. Good faith and a proper use of discretion are presumed, and it was defendants’ burden to prove that the Department of Highways acted arbitrarily, capriciously and in bad faith. The affidavit for need of full ownership which came almost one year after negotiations for a servitude cannot be inquired into under this record as an abuse of discretion.
The judgment of the district court is affirmed and appellant is assessed with the cost of this appeal.