PRICE, Judge.
In this proceeding the State of Louisiana through the Department of Highways seeks to expropriate under the “quick taking” statute a portion of the property belonging to Olinkraft, Inc. for the purpose of constructing a bridge and realigning a segment of Louisiana Highway 2 in Union Parish. An order of expropriation was signed allowing the expropriation in full ownership of defendant’s property upon the deposit into the registry of the court of the estimated just compensation in accord with LSA-R.S. 48:441-460, the “quick taking” statute. Defendant timely filed a motion to dismiss and vacate the order of expropriation on the following allegations:
(A) That Sections 441 to 460 of Title 48 of the Revised Statutes of 1950, inclusive as amended and reenacted are unconstitutional in that they violate the due process provisions of the Louisiana Constitution of 1974 and the United States Constitution;
(B) That the taking of property in full ownership, rather than a servitude of right of way, is not for a public purpose nor in the public interest;
*722 (C) In the alternative and in the event it should be held that the taking in full ownership is a discretionary function of the plaintiff, that plaintiff has abused its discretion in taking in full ownership rather than a servitude of right of way; and
(D) That Mover is entitled to an adversary hearing and judicial determination of its rights under the Louisiana Constitution of 1974 and the United States Constitution.
After a hearing, the trial court rendered judgment rejecting defendant’s motion to dismiss.
On this devolutive appeal by defendant, the issues for review as formulated by the assignments of errors in brief are:
1) Whether the “quick taking” statute, LSA-R.S. 48:441-460 is in violation of [art. 1] § 4 of the Louisiana Constitution of 1974 and the Sth and 14th amendments of the U.S. Constitution in denying due process and permitting private property to be expropriated by ex parte order prior to a judicial hearing.
2) Alternatively, is the expropriation of property in full ownership rather than a servitude for a right-of-way within the requirement that the taking be for a public purpose.
3) In any event has the Department of Highways abused its discretion in determining the full ownership should be expropriated rather than a servitude.
The question relating to the violation of the 5th and 14th amendments of the U.S. Constitution by the ex parte proceedings of the “quick taking” statute has been resolved by the decision of the Supreme Court in State of Louisiana, Department of Highways v. Macaluso, 235 La. 1019, 106 So.2d 455 (1958).
In that decision the Louisiana Supreme Court found the “quick taking” procedure of the Louisiana expropriation statute not to offend the due process provisions of the U.S. Constitution, relying on Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135 (1919), in which the U.S. Supreme Court upheld a state statute similar to the Louisiana expropriation statute. We quote in pertinent part the rationale of the Supreme Court in Bragg as follows:
“Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the state may designate. They are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the Fourteenth Amendment. [Citations omitted]
“But it is essential to due process that the mode of determining the compensation be such as to afford the owner an opportunity to be heard. Among several admissible modes is that of causing the amount to be assessed by viewers, subject to an appeal to a court carrying with it a right to have the matter determined upon a full trial. [Citations omitted] And where this mode is adopted due process does not require that a hearing before the viewers be afforded, but is satisfied by the full hearing that may be obtained by exercising the right to appeal. [Citations omitted]
“* * * [I]t is settled by the decisions of this court that where adequate provision is made for the certain payment of the compensation without unreasonable delay the taking does not contravene due process of law in the sense of the Fourteenth Amendment merely because it precedes the ascertainment of what compensation is just. [Citations omitted]”
The remaining issue posed in defendant’s first assignment of error is whether the *723 the “quick taking” provisions of LSA-R.S. 48:441-460 as amended by Act 30 of the Extra Session of 1974, violate art. 1, § 4 of the Louisiana Constitution of 1974.
Defendant contends the absence of a specific permission in the 1974 Constitution for the State to take private property for a highway purpose prior to a judicial hearing, as was provided by the 1948 amendment to the 1921 Constitution, (Article 6 § 19.1),[1] precludes the State from using the “quick taking” method. Defendant primarily relies on certain expressions of the Supreme Court in State v. Macaluso, supra, in support of its position.
Macaluso did contain language indicating the ex parte taking prior to a judicial hearing would be violative of the due process clause of the State Constitution of 1921 without the specific authority granted by Article 6 § 19.1. It should be noted, however, that the provisions of the 1921 Constitution relating to due process differs from that contained in the 1974 Constitution. The prior Constitution in Article 1 § 2 provided:
“No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.” [Emphasis supplied]
The declaration of rights in Article 1 of the 1974 Constitution (analogous to the Bill of Rights in Article 1 of the 1921 document) contains in addition to the due process declaration of § 2, a more explicit delineation of the rights relating to property as follows:
Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose and with just compensation paid to the owner; in such proceedings, whether the purpose is public and necessary shall be a judicial question. In every expropriation, a party has the right to trial by jury to determine compensation, and the owner shall be compensated to the full extent of his loss. No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise. However, a municipality may expropriate a utility within its jurisdiction. Personal effects, other than contraband, shall never be taken, [emphasis supplied]
It is significant that the due process clause of the 1921 Constitution (Article 1 § 2) prohibited the taking of private property for public purposes until “after” payment of just compensation. The rights to property enumerated in § 4 of Article 1 of the 1974 Constitution permit the taking of private property for public purposes “with just compensation paid to the owner or into court for his benefit.” We also think the subjection of the right to own property to “reasonable statutory restric *724 tions and the reasonable exercise of the police power” was intended to grant authority for the legislature to permit the taking of property by ex parte order prior to hearing when it appears reasonable. The method of taking provided for in LSA-R.S. 48:441-460 is in our opinion a reasonable statutory restriction on the right to own property. That this was the intent of the delegates to the constitutional convention in adopting this language in § 4 of Article 1 is shown by examination of the discussion and debate on this section as reflected by the official journal of the proceedings of the convention on its 39th day. On at least two occasions, the Supreme Court has made reference to the official proceedings of the constitutional convention in resolving issues relating to interpretation of its provisions. See Gonzales v. Xerox Corporation, 320 So.2d 163, 165, footnote 1 (La.1975), and Hainkel v. Henry, 313 So.2d 577, 580 (La.1975).
We conclude the “quick taking” provisions of LSA-R.S. 48:441 do not violate the Louisiana Constitution of 1974.
The remaining assignments of error relate to whether the taking of the property in full fee as opposed to a servitude is within the requirement that the taking be for a public purpose and whether the Department of Highways was arbitrary in determining the need of full ownership under the circumstances presented in this case. Defendant contends a servitude of right-of-way is all that is necessary for the proposed construction and that it is not in the public interest to take from it the full fee ownership of the subject property.
The Supreme Court in the case of State of Louisiana, Department of Highways v. Guidry, 240 La. 516, 124 So.2d 531 (1960) held the Department of Highways has the discretion to determine whether or not full ownership of expropriated land is to be required. This case apparently remains the law on this issue.
We further find the evidence presented shows the taking in full ownership was for a public purpose and that the Department of Highways was not arbitrary in making such a determination.
The testimony shows the Department of Highways had adopted in recent years a uniform policy of expropriating in fee rather than acquiring a servitude for highway construction. The principal reason shown for this policy is to allow the Department to have full authority to permit the installation of utilities within the highway right-of-way. This prevents delay in highway construction and is conducive to effective control of the highway corridor. Other benefits are also shown to accrue to the public by having the utilities readily available for lighting and other ancillary highway purposes.
In accord with the foregoing, the judgment appealed is affirmed at appellant’s costs.

. Article 6 § 19.1 of the Louisiana Constitution of 1921, provided as follows:
“The Legislature shall have authority to authority to authorize the taking of property for highway purposes by orders rendered ex parte in expropriation suits prior to judgment therein provided that provision be made for deposit before such taking with a court officer for the amount of appraisals of the property so taken and damages to which the owner thereof may be entitled, if any, _ which appraisals may be made in such manner as may be provided by law either before or after institution of suit, and need not be by judicially appointed appraisers.”