BLANCHE, Judge.
Plaintiff-appellant, State of Louisiana, Through the Department of Highways, appeals the judgment in two consolidated cases which reduced the extent of two servi-tudes taken over the lands of defendant-ap-pellee, Jeanerette Lumber & Shingle Company, Ltd. Said servitudes were expropriated in 1969 in connection with State Project No. 450-07-01, Federal Aid Project No. 1-10-3 (33) 131, Atchafalaya Flood-way Crossing (Whiskey Bay Pilot Channel Bridge-Ramah), State Route La. I — 10, Ib-erville Parish. The appeals were also consolidated and separate judgments will be rendered.
In order to build Interstate Highway 10 from the Ramah Levee to Whiskey Bay Pilot Channel, it was necessary for the plaintiff to dig an access canal 200 feet wide by ten miles long for purposes of floating pre-cast concrete sections of the highway to the construction site. Once they arrived at the site, the sections were floated into position through another waterway designated as the construction canal. The construction canal lies in an east-west direction between the two divided traffic lanes of the highway. The access canal travels north-south and intersects the construction canal at its northern end. At its southern end the access canal opens into Lower Grand River.
Defendant is owner of a -Hsths undivided interest in one tract of land and sole owner of another non-contiguous tract, both of which are located in the Atchafalaya Basin, Iberville Parish, Louisiana. The aforementioned access canal traversed both tracts, and it was necessary for the plaintiff to expropriate a portion of said tracts for the canal pursuant to Article VI, Section 19.1 of the Louisiana Constitution of 1921 and the provisions of LSA-R.S. 48:441-460.
*455 The order of expropriation granted a 400-foot wide “permanent servitude of right of way” across the defendant’s land. Under the authority of LSA-R.S. 48 -.447,[1] the defendant protested the taking by a “Motion to Dismiss or Modify” but did not set the motion for hearing until January, 1975, approximately five years after the taking. On the trial of the matter defendant argued that the land was not taken for a public purpose. Alternatively, it contended that a permanent servitude was not required and that since the project was now complete, the canal was no longer needed by the plaintiff and, therefore, the expropriated land should revert back to it in full ownership.
The trial judge reduced the extent of both takings from a permanent servitude of right of way to one limited to the purposes of constructing, maintaining and repairing the interstate highway by means of the access canal. In accordance with the foregoing, the judgment further held that the said canal itself is not a part of the State highway system and is not a general public way for use by the public. It was further ordered that the plaintiff vacate the servitude to the extent necessary for the defendant to enjoy the rights remaining to it, subject to the limited rights of permanent servitude as described above.
On appeal, the plaintiff argues that it was error on the part of the trial judge to so limit the servitude. Furthermore, plaintiff argues that it was error to hold that the canal was not a public thing and, therefore, not available for use by the general public.
The defendant answered the appeal attempting to have the order of expropriation permanently set aside, rather than merely reduced. Alternatively, the defendant seeks to reduce the servitude from permanent to temporary and to restrict the plaintiff’s use thereof to the actual confines of the canal, rather than the entire 400 feet taken.
At the time this land was expropriated, it was needed for the building of the public highway and, therefore, it was taken for a public purpose within the intent of the act. State, Department of Highways v. Lessley, 287 So.2d 792 (La.1973). Therefore, the remaining issue on this appeal is a consideration of whether the defendant has the right to contest the extent of the servitude taken by the Department in the instant proceeding.
We have determined that it cannot. Although the defendant raised numerous issues in his motion to dismiss or modify, the only question that was legally before the trial court was whether or not the land was expropriated for a public purpose. LSA-R.S. 48:447.
The Highway Expropriation Act, R.S. 48:441 et seq., contemplates that no issues may be presented in an expropriation suit except those specifically authorized therein. State, Department of Highways v. Mouledous, 199 So.2d 185 (La.App.3rd Cir. 1967), writ refused, 250 La. 934, 199 So.2d 927 (1967).
The act authorizes a landowner (1) to contest the taking as not being for a public purpose, Section 447; and (2) after answer [2] to contest the measure of compensation, Section 450.
The act was designed to put an end to all other issues, including those regarding the extent of the taking. The Highway Department, having been designated as the State’s agency to expropriate land *456 required for public projects, has discretion to determine the extent of ownership necessary for each improvement. State, Department of Highways v. Guidry, 240 La. 516, 124 So.2d 531 (1960). See, also, “Expropriation by Ex Parte Order for Highway Purposes in Louisiana,” Glenn S. Darsey, 26 La.L.Rev. at page 98.
The defendant has made allegations of bad faith on the part of the plaintiff, that is, that it purposely expropriated a permanent servitude when a temporary one would have sufficed and that the plaintiff conspired with the Louisiana State Wildlife and Fisheries Department to create a fishing spot out of this access canal. However, the defendant was unable to prove its allegations.
In view of the foregoing, it was error for the trial judge to reduce the permanent servitude of right of way to a servitude for the construction, maintenance and repair of the highway since the extent of the taking by the State is not subject to judicial review, State, Department of Highways v. Guidry, supra.
The landowner argues that the State is presently allowing the general public to use the canal for fishing and that by so doing the State is exceeding its authority under the servitudes granted for the original construction and maintenance of Interstate 10.
Whether the State’s use of the ser-vitudes makes them more onerous to the servient estate is an issue which the court was not competent to consider in a proceeding that by statute limited its consideration to whether the taking was one for public purpose. Therefore, it was improper for the trial judge to restrict the servitude in favor of the State in this proceeding by prohibiting its use by the general public. If defendant is entitled to this relief, it could only be litigated in a separate action.
In this connection, the following quotation from Nichols on Eminent Domain is pertinent:
“ ‘Though it is the general policy of the law to settle, if possible, in a single suit or action, all accrued conflicting claims of the adverse parties, that rule ought not to obtain in such an action as is here involved.' (Nichols on Eminent Domain, Third Edition, Vol. 6, Section 24.31, page 67.)” (State, Department of Highways v. Mouledous, La., 199 So.2d at 193)
For the above and foregoing reasons, the judgment of the trial court in Appeal No. 10,743 is reversed, and it is hereby ordered, adjudged and decreed that the defendant’s motion to dismiss or modify is hereby overruled and set aside.
The defendant is taxed with all costs of this proceeding as may legally be assessed against the State of Louisiana.
REVERSED AND RENDERED.

. At the time of this expropriation, Section 447 read, in pertinent part, as follows:
“Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public use may file a motion to dismiss the suit within ten days from the date the notice was served on him. * * * ”

. The defendant has not answered the plaintiff’s petition.

 Ellis, J., dissented from refusal to grant a rehearing in 335 So.2d 456.