ELLIS, Judge
(dissenting from the refusal to grant a rehearing).
. The court below recognized the authority of the Department of Highways to take a servitude for construction and maintenance of a public highway, but found that the use to be made thereof by the State and the public had to be limited to highway purposes. The Department appealed, contending that the trial court erred in holding that the access canal expropriated was “not a part of the State highway system”, “not a general public way” and “not available for use by the general public”.
In our original opinion, we held that, in a proceeding under the quick taking statute, R.S. 48:441 et seq., we could only consider if the taking was for a public purpose, and were without authority to express any limitation as to the extent of the use of the servitude. We held that if the use of the servitude made by the State transcends the limits placed thereon by the law, the matter could only be litigated in a separate proceeding.
However, the issues decided by the trial judge were raised by the pleadings filed below, and were litigated by the parties without objection. I see no reason why we should not now rule on these issues, which, *550 for the following reasons, I believe were correctly resolved by the trial judge.
Article 6 Sec. 19.1 of the Constitution of 1921 provides:
“The Legislature shall have authority to authorize the taking of property for highway purposes by orders rendered ex parte in expropriation suits prior to judgment therein provided that provision be made for deposit before such taking with a court officer for the amount of appraisals of the property so taken and damages to which the owner thereof may be entitled, if any, which appraisals may be made in such manner as may be provided by law either before or after institution of suit, and need not be by judicially appointed appraisers.”
R.S. 48:447 provides:
“Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public use may file a motion to dismiss the suit within ten days from the date the notice was served on him. He shall certify thereon that a copy thereof has been served personally or by mail or either the plaintiff or his attorney of record in the suit. This motion shall be tried contradictorily with the plaintiff.
“Failure to file the motion within the time provided or to serve a copy thereof on the plaintiff constitutes a waiver of all defenses to the suit except claims for compensation.”
The “Order of Expropriation” provides: * * * * * *
“AND IT IS HEREBY FURTHER ORDERED that a permanent servitude of right of way on, over and across the tract or parcel of land described hereinafter is expropriated and taken for highway purposes as of the time of such deposit, according to law. . . .”
The Department of Highways is limited in its power to expropriate. It may take, under Art. 6 Section 19.1 for highway purposes. This is the only public use for which it has the power to take. R.S. 48:441 et seq. The order of expropriation which the Department obtained granted to the Department a “permanent servitude of right of way . . . expropriated and taken for highway purposes.” So long as the Department limits its taking to uses for highway purposes, its taking is within the authority granted to it by the Constitution and statutes. See State v. Bradford, 242 La. 1095, 141 So.2d 378, 386 (1962).
The question is whether the actual use the Department has sought goes beyond the use for which it may expropriate and so is not within its authority to take. “An administrative board or agency only has the power and authority expressly granted by the constitution or statutes,” and the Department of Highways, “. . . being only an administrative agency of the State, (can) not on its own authority enlarge the powers delegated to it by the Legislature.” Realty Mart, Inc. v. Louisiana Board of Tax Appeals, Collector of Revenue, 336 So.2d 52 (La.App. 1st Cir. 1976).
The court below found that so long as the Department confines itself to use for highway purposes, i. e., a permanent servitude for construction and maintenance, the taking is one for which it has authority. There was also recognition of the limited nature and purpose of a servitude. Civil Code, Arts. 658, 722, 753, 771, 772, 778, 780. Wilson v. Scurlock Oil Co., 126 So.2d 429 (La. App. 2d Cir. 1960). The court found that any attempted use beyond the exercise of rights of servitude for construction and maintenance is not within a use for highway purposes and so is not a valid public use for which the Department may expropriate. The court ordered the Department’s use to be confined within Constitutional and statutory limits, as a taking for any other use would be invalid.
The judgment appealed from did not go into the question of necessity for the taking or attempt to change the extent of the taking. See State v. Macaluso, 235 La. 1019, 106 So.2d 455 (1958); State v. Guidry, 240 La. 516, 124 So.2d 531 (1960). It upheld the validity of the taking of the permanent *551 servitude of right of way for highway purposes and defined what is meant by “highway purposes” in this set of circumstances.
The Department’s attempt to use or permit use of the servitude of right of way (which is all it sought under its own order of expropriation) for other than construction and maintenance is not a public use for which this agency of the State may validly acquire any rights and the court below properly defined the permissible limits of the rights of the Department.
I therefore dissent.