SAMUEL, Judge.
These appeals, taken by the defendants [1] from judgments in two expropriation suits, were consolidated for hearing in this court. The facts are not in dispute.
On March 15, 1960 and February 1, 1961, respectively, the State of Louisiana, through the Department of Highways, filed the suits expropriating certain immovable property in the Parish of St. John for highway construction purposes. The procedure followed by the Department appears to conform with all of the requirements of LSA-R.S. 48:441-460, “Expropriation By A Declaration Of Taking”, and defendants do not contend otherwise. On March 25, 1960 and February 1, 1961, respectively in each suit, defendants filed motions to dismiss the suits on the ground the property was not being expropriated for a public use in that the taking was greater than was necessary for the proposed construction. The motions were timely filed under LSA-R.S. 48:447 which permits contest of the validity of the taking when the motion therefor is filed within ten days of service of notice of the expropriation and certified copies of the petition, the order and the clerk’s receipt for the deposit.
Thereafter no further pleadings were filed and no action of any kind was taken in the suits by any of the parties until June 11, 1970 when motions were filed by the defendants to substitute counsel. Thus, no steps were taken in either the prosecution or defense of the actions for a period of more than nine years. Later during 1970 defendants filed motions to substitute parties defendant and issued interrogatories which were served on and answered by the Department.
On July 8, 1971 defendants filed supplemental and amended motions seeking to amend their prior March 25, 1960 and February 1, 1961 motions to dismiss by adding this paragraph which, except as noted in footnotes 2 and 3, is identical in both suits:
“More than eleven years[2] have elapsed since the filing of this expropriation proceeding on March 15, 1960 [3], and plaintiff has taken no action whatsoever to utilize the property taken herein for the purposes set forth in its petition, or for any other public purpose. Accordingly, it is manifest that the taking on March 15, I9603 of the property described in the petition was not for public purpose.”
The supplemental and amended motions were accompanied by rules to show cause why those motions should not be filed.
After trial of the rules to show cause, identical judgments were rendered in both suits denying the motions to supplement and amend and dismissing the original March 25, 1960 and February 1, 1961 motions to dismiss. The judgments are based on the trial court’s conclusion that the original motions to dismiss had been abandoned under LSA-C.C.P. Art. 561 which, in pertinent part, provides :
“An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal.order of dismissal as *888 of the date of its abandonment.” LSA-C.C.P. Art. 561.
The defendants have appealed. In this court they make three contentions: (1) Timely filed motions to dismiss expropriation suits are not included within the scope of LSA-C.C.P. Art. 561 and therefore defendants’ original motions should not have been dismissed; (2) the trial court should have granted defendants leave to file their supplemental and amended motions; and, alternatively, (3) under the unique circumstances here, the judgments appealed from effectively deny defendants a forum for the adjudication of a substantive right. As we conclude the first contention is without merit a discussion of the second is unnecessary.
Regarding the first contention defendants argue: LSA-C.C.P. Art. 561 and comment (b) thereunder[4] make it clear that the thrust of the article is limited to the dismissal only of principal and incidental actions. Here the principal actions are the expropriations under the petitions filed by the Department, not the original motions to dismiss. Nor are those motions to dismiss incidental actions, for under LSA-C.C.P. Art. 1031 incidental actions include only reconvention, intervention and the demand against third parties. Therefore, the original motions to dismiss cannot be abandoned under LSA-C.C.P. Art. 561.
We are of the opinion that while the cited comment makes it clear the article applies to both principal and incidental demands, so as to legislatively overrule the decision in Carmody v. Land, there was no intent to limit the scope of the article, nor is that scope limited, to principal and incidental actions.
LSA-C.C.P. Art. 561 is applicable to any “action”, for it states “An action . ”, i. e., all actions, are abandoned when the parties fail to take a step in prosecuting or defending in the trial court for a period of five years. What is meant by the word “action” is found in LSA-C.C.P. Art. 421 which, inter alia, provides: “A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction.”
Under LSA-R.S. 48:445 title to the property expropriated vested in the Department when it deposited the amount of the estimate in the registry of the court. Thereafter there was no necessity and no reason for the Department to proceed further; the purpose of its expropriation suits, to acquire title to the property, had been accomplished. Insofar as the Department is concerned, there was no longer any “action” and it was incumbent upon the defendants, upon service of the notices and the certified copies required by LSA-R.S. 48:446, to proceed to contest the validity of the taking or to contest the adequacy of the compensation to which they were entitled.
Defendants contested the validity of the taking by filing the original motions to dismiss. Those contests are “actions” as defined by LSA-C.C.P. Art. 421; for they are demands for the enforcement of defendants’ legal rights necessarily commenced by the filing of the original motions to dismiss, which motions are pleadings presenting the demands to the court. Therefore, those contests are “actions” within the meaning and intent of LSA-C. C.P. Art. 561. We conclude LSA-C.C.P. Art. 561 applies and the original motions *889 to dismiss have been abandoned under that article.
We also find no merit in defendants’ third contention. That contention is based on the argument that an absence of use of the expropriated property for an inordinate length of time after the institution of the expropriation suits is evidence of the fact that the expropriations were not for a public use, a fact which by its very nature does not exist, and therefore cannot be pleaded, until after the passage of years. Thus, it is further argued, defendants should not be deprived of the right to contest the issue of public use until the passage of those years which would show an absence thereof. Defendants cite several cases[5] which discuss the propriety of expropriations for construction to be undertaken years after the expropriation suits are filed.
During the hearing in this court counsel for defendants stated construction had not begun on the expropriated property, while counsel for the. Department stated, and this is supported by the Department’s answer to interrogatories, that one of the two stages of construction was completed in 1966 and the other stage soon will be completed. We mention these statements only for the purpose of noting that we do not consider the question of use of the property material to the issue now before us.
In our view, defendants were required by LSA-C.C.P. Art. 561 to take some step in the prosecution of their original motions to dismiss during the five year period in the absence of which their motions to dismiss were legally and automatically abandoned. And it appears to us that five years is a sufficient time to obtain evidence of nonuse if in fact such evidence did exist.
For the reasons assigned, the judgments appealed from are affirmed.
Affirmed.

. One of the defendants did not appeal. For convenience, the remaining defendants are referred to herein simply as “defendants”.

. In the second suit filed, “ten years”.

. In the second suit filed, “January 20, 1961.”

. In pertinent part, comment (b) reads:
“Under the decision in Carmody v. Land, 207 La. 652 [625], 21 So.2d 764 (1945), it was held that Art. 3519(2) of the Civil Code is applicable only to principal demands, and does not apply to reconventional demands. The word ‘action’ is used in this article instead of ‘demand’ in order to make it applicable to the principal as well as to the incidental actions.”

. City of New Orleans v. Moeglich, 169 La. 1111, 126 So. 675; Central Louisiana Electric Company v. Brooks, La.App., 201 So.2d 679; Lake Charles Harbor & Terminal District v. Henning, 5 Cir., 409 F.2d 932.