287 So.2d 792 (1973)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Mason W. LESSLEY et al.
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Sophia Wolfe COX et al.
No. 53307.
Supreme Court of Louisiana.
December 3, 1973.
Rehearing Denied January 11, 1974.
*793 John M. Page, McCloskey, Donnery & Page, New Orleans, for defendants-applicants.
D. Ross Banister, Jesse S. Moore, Jr., William W. Irwin, Jr., Johnie E. Branch, Jr., State of La. Dept. of Highways, Baton Rouge, for plaintiff-respondent.
BARHAM, Justice.
These are expropriation suits brought pursuant to the "quick-taking" statute, R.S. 48:441-48:460, in which the State, through the Department of Highways, respondent herein, obtained title to relators' land on March 15, 1960 and January 20, 1961, respectively. Within the ten day period specified by R.S. 48:447, relators filed motions to dismiss the expropriation suits on the grounds that the property was not taken for a public use and that the taking was greater than necessary for the proposed construction. Thereafter, no action was taken with regard to either suit until June 11, 1970, when motions to substitute counsel were filed by relators. On July 8, 1971, relators filed supplemental and amended motions seeking to dismiss the suits, alleging that the respondent had taken no action to utilize the expropriated property since the filing of its petitions. This inaction, relators contend, manifested that respondent's taking was not for a public use. Hearings had on rules to show cause why the amended motions to dismiss should not be filed *794 resulted in denial of the amended motions, as well as a dismissal of the original motions to dismiss filed in 1960 and 1961.
On appeal, the Fourth Circuit affirmed the trial court's judgment. 271 So.2d 886 (La.App.4th Cir. 1973). That court held, as had the trial court, that relators' original motions to dismiss were "actions" within the meaning of C.C.P. Article 561 and that relators' failure to take any step in the prosecution of the motions for five years from the date of the filing of those motions constituted abandonment of their actions.
We granted certiorari on relators' application. 275 So.2d 779 (La.1973).
Relators first argue to this Court that C.C.P. Article 561 is not applicable to a timely filed motion to dismiss an expropriation suit and that, consequently, such a motion is not subject to dismissal on grounds of abandonment when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. C.C.P. Article 561 provides, in pertinent part, as follows:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment."
It must be determined, therefore, whether relators' motions to dismiss are "actions" within the meaning of C.C.P. Article 561.
Article 421 of the Code of Civil Procedure defeines a civil action as "* * * a demand for the enforcement of a legal right. * * *". Article 422 of the Code of Civil Procedure defines real action as "* * * one brought to enforce rights in, to, or upon immovable property." Under the peculiar circumstances which exist after the State, through the Department of Highways, has expropriated property under the "quick-taking" statute, we are of the opinion that motions to dismiss are "actions" within the meaning of C.C.P. Article 561 because they are demands for the enforcement of the landowner's right to have the title to the expropriated property re-vest in him, if it is determined that the property was not "expropriated for a public use".
R.S. 48:445 provides:
"Upon the deposit of the amount of the estimate in the registry of the court, for the use and benefit of the persons entitled thereto, the clerk shall issue a receipt showing the amount deposited, the date it was deposited, the style and number of the cause, and the description of the property and property rights as contained in the petition. Upon such deposit, title to the property and property rights specified in the petition shall vest in the department and the right to just and adequate compensation therefor shall vest in the persons entitled thereto."
It is therefore clear that title to the expropriated property at issue in this case vested in the State upon the trial court's signing of the order of expropriation, and the deposit in the registry of the court of the amount of the estimate of just compensation. Nowhere in the quick-taking statute is it provided that a timely filed motion to dismiss alters the fact that title to the property taken vests in the State. To the contrary, R.S. 48:460 provides:
"The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use. In the event of such findings, the court shall enter such judgment as may be necessary to compensate the defendant for the period during which the property was in the possession of the plaintiff and to recover for the plaintiff any award paid." *795 It is therefore clear that title to the expropriated lands vested in the State on March 16, 1960 and January 20, 1961, and that the landowners' action in timely filing motions to dismiss did not divest the State of title to the lands.
Relators argue that this Court should hold one of its earlier decisions, that of Semel v. Green, 252 La. 386, 211 So.2d 300 (1968) applicable to the instant cases. In the Semel case, the plaintiff instituted foreclosure proceedings via executory process and the defendant sought, inter alia, a preliminary injunction prohibiting the sale of the mortgaged property. A preliminary injunction issued and, thereafter, no further action was taken in the case by either party for 5½ years. At that time, the plaintiff filed a motion to dismiss the preliminary injunction on the grounds that the injunction was abandoned under C.C.P. Article 561. Following a hearing on plaintiff's motion, the trial court dismissed the entire executory proceeding, reasoning that there was but one lawsuit and the entire suit had to be dismissed because abandoned. The Court of Appeal reversed the trial court insofar as it dismissed the plaintiff's executory process suit. On review, this Court reversed the judgment of the Court of Appeal and reinstated the trial court's judgment. Therein we stated:
"There was but one case before the Court, i.e., a proceeding for executory process, as the trial judge correctly concluded. And, while it is true under Article 561, CCP, that certain incidental actions brought in reconvention may now be dismissed as abandoned when the defendant has failed to take any steps in the prosecution thereof for five years, this provision is not apposite here for the reason that an injunction to arrest an executory proceeding is a defense (Articles 2642 and 2751, CCP) and may be filed, as here, in the executory proceeding (Article 2752, CCP). It is not an incidental action which includes only claims in reconvention, intervention and demands against third parties as provided by Article 1031, CCP."
The Semel case is inapplicable to the instant cases. In Semel, the plaintiff had not acquired that which he sought prior to the defendant's request for or the issuance of the preliminary injunction. The injunction issued on defendant's request effectively arrested the seizure and sale of the mortgaged property. In the instant cases, the State had accomplished that which it sought, title to the relators' property, prior to the filing of the subject motions to dismiss. We analogize the motions to dismiss herein to actions to annul a final judgment. C.C.P. Articles 2001-2006. Actions to annul a final judgment may be brought only on specific grounds, and actions to annul for vices of substance, rather than vices of form, must be brought within one year of the discovery of the vice of substance by the plaintiff in the nullity action.
In the action to dismiss brought pursuant to R.S. 48:447, it is statutorily provided that the landowner has only ten days to file his motion to dismiss and that the only legally sufficient basis for granting the motion is a finding that the property was not taken for a public use. But, like the action to annul any other final judgment, we hold that the motions to dismiss are "actions", and as such are susceptible to abandonment under C.C.P. Article 561. "Expropriation by a Declaration of Taking" (R.S. 48:441-48:460) is a proceeding which is sui generis. As clearly stated in the title, land is expropriated or taken by a legal declaration. Title vests in the expropriating body at that moment. R.S. 48:447 and 48:460 provide the method and basis for divesting the expropriating body of title to that property. The motion to dismiss is an "action" to divest and is subject to the rules of abandonment.[1]
*796 An allegation that a long period of time must pass in order to prove that a taking was not for a public use, such as relators make here, cannot avail a landowner. The issue for determination at a hearing on a landowner's motion to dismiss is whether the property was taken for a public use at the time it was taken and not whether property taken for a public use was, in fact, subsequently used. Any offer of proof on the part of the landowner that property taken was not, in fact, subsequently used is not ultimately dispositive of the issue to be determined.
We hold that when, as here, the State has obtained that which it sought in an expropriation suit (title to the landowner's property), the burden of timely proceeding on a motion to dismiss rests with the landowner and that failure to set the issue to be heard within five years, or to take any other step in the prosecution of its action, constitutes abandonment of the action to dismiss.
For the reasons assigned, the judgment of the Court of Appeal is affirmed. Relators are cast for all costs of these proceedings.
TATE, J., concurs and assigns written reasons.
SUMMERS, J., dissents and assigns reasons.
TATE, Justice (concurring).
I concur, but with reservations, as to our holding that a motion to dismiss in a quick-taking under La.R.S. 48:441-48:460 is indeed an "action" as regulated by La. C.Civ.P. art. 561. The quick-taking statute is sui generis. For the time, I accept the judicial analogization of the abandonment principle in ordinary actions to a motion to dismiss in a quick-taking action, since the hiatus is not covered by the legislation regulating quick-taking. I therefore concur.
SUMMERS, Justice (dissenting).
Acting on the authority conferred by Sections 441-446 of Title 48 of the Revised Statutes, the "Quick-taking Statute", the State of Louisiana, through the Department of Highways, instituted suit on March 15, 1960 to expropriate certain property of Mason W. Lessley and others in St. John the Baptist Parish. The object of the suit was to obtain right of way to construct a federally aided state highway, known as the Manchac-Frenier Highway. A similar suit in connection with the same project was filed on January 20, 1961 against Sophia Wolfe Cox and others. In each suit deposits were made to the registry of court as estimated compensation to landowners. In each suit, the judge signed the order of expropriation on the day the suit was filed, thereby vesting title to the property in the Department as of the signing.
Within ten days, as required by law, on March 25, 1960, in the suit against Mason W. Lessley and others, defense counsel filed a motion to dismiss. He relied upon the authority of Section 447 of Title 48 of the Revised Statutes,[1] contesting the validity of the taking on the grounds that it was not shown that the expropriation of full ownership of the land with a reservation *797 of mineral rights for the landowner was necessary or useful; the width of the right of way sought was not shown, and a greater estate was sought by expropriating the land in full ownership when a servitude would satisfy public purposes. A similar motion to dismiss was filed in the suit against Sophia Wolfe Cox on February 1, 1961.
No further steps were taken by any of the parties in these two suits until June 11, 1970, nine and one-half years later. At that time identical motions were filed in each suit to permit withdrawal of defense counsel, and for recognition of substituted defense counsel. Defense counsel then made certain substitutions of party defendants, and propounded interrogatories to the Department which were answered.
Then, on July 8, 1971, more than ten years after the filing of these suits, defense counsel filed a supplemental and amended motion to dismiss in each case and ruled the Department to show cause why the motion should not be filed. The sole object of the proposed amendment was to add this paragraph to the original motions to dismiss:
More than eleven years have elapsed since the filing of this expropriation proceeding on March 15, 1960 and plaintiff has taken no action whatsoever to utilize the property taken herein for the purposes set forth in its petition, or for any other public purpose. Accordingly, it is manifest that the taking on March 15, 1960 of the property described in the petition was not for a public purpose. (Note: The motion in the Cox Case was identical except it alleged that ten years elapsed since filing on January 20, 1961.)
The suits were consolidated and a hearing was had on the rule to show cause. At this hearing the Department contended, relying upon Article 561 of the Code of Civil Procedure, that the motions to dismiss filed by the defendant landowners on March 25, 1960 and February 1, 1961 had been abandoned for failure of the defendants to take any steps in its prosecution or defense for a period of five years.
Finding the defense motions to dismiss challenging the validity of the taking by the Department to be the sole issue before him, the trial judge decided that the challenge to the validity of the taking had been "abandoned by failure to defend." Accordingly, he denied the motions to amend, and declared the motions to dismiss abandoned.
On appeal to the Fourth Circuit the judgment of the trial court was affirmed. 271 So.2d 886. That court was also of the opinion the defense motions were "actions" within the meaning of Article 561 of the Code of Civil Procedure, stating:
In our view, defendants were required by LSA-C.C.P. Art. 561 to take some step in the prosecution of their original motions to dismiss during the five year period in the absence of which their motions to dismiss were legally and automatically abandoned. And it appears to us that five years is a sufficient time to obtain evidence of non-use if in fact such evidence did exist. At p. 889.
We granted certiorari on defendants' application. 275 So.2d 779.
Pertinent provisions of Article 561 of the Code of Civil Procedure read as follows:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested persons, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
Upon presentation of a petition in a suit for expropriation with the requisite certificates, the judge is authorized to issue an order directing the deposit of the amount of the estimate of compensation in the registry of the Court and to declare the property *798 taken for highway purposes. La.R.S. 48:444. Thereafter, upon deposit of the amount as directed, title to the property shall vest in the Department. La.R.S. 48:445. However, any defendant desiring to contest the validity of such a taking may do so by filing a motion to dismiss the suit on the ground that the property was not expropriated for a public use. This motion must be tried contradictorily with the Department. Unless the motion is filed within ten days from the date the notice of expropriation was served on him, the defendant landowner waives all defenses to the suit except claims for compensation. La. R.S. 48:447.
In the instant case the petition for expropriation was filed and the taking was ordered by the judge, and the defendants did file motions to dismiss, denying the Department's right to take the property. These motions were based upon their allegations that the property was not taken for a public purpose.
There is only one "action" in this case as that term is used in Article 561; it is the action of the Department instituted to expropriate defendants' lands. La.Code Civ.P. art. 421. Defendants have asserted a defense to this action by their motions to dismiss. These motions to dismiss are not the "actions" contemplated by Article 421 of the Code of Civil Procedure. It is a "defense" which defendants would have waived if it had not been timely filed under the clear terms of Section 447 of Title 48 of the Revised Statutes. For more than ten years, either the Department nor the defendants took any steps in this suit to prosecute the contested issue thus formed and nothing was done by way of defense. Thus, under the plain terms of Article 561 of the Code of Civil Procedure the entire action is abandoned, and the abandonment is operative without formal order. Cf. State v. United Dredging Co., 218 La. 744, 50 So.2d 826 (1951). The effective date of the abandonment is the fifth anniversary following the last step taken in the prosecution or defense in the trial court. Cf. Semel v. Green, 252 La. 386, 211 So.2d 300 (1968); Evans v. Hamner, 209 La. 442, 24 So.2d 814 (1946).
It is no answer to this proposition to say that it was incumbent on the defendants to prosecute the issue presented by their motions to dismiss, and their failure to do so results in the abandonment of the motions to dismiss, but not the Department's suit for expropriation. Either of the parties, the Department or the landowner defendants, was in a position to bring the issue to trial. There was nothing to prevent the Department from moving to fix the motions to dismiss for trial and defendants had that same right. Each was therefore responsible for the abandonment. Article 561 does not contemplate a partial abandonment of an action. The prerequisites to abandonment stipulated in the Article are that nothing be done to either prosecute or defend the action by either plaintiff or defendant for five years. When these requirements are satisfied the complete action is abandoned as to all plaintiffs and all defendants.
NOTES
[1] In holding, as we do, that the relators abandoned their action by failure to take any steps in the proceeding within five years from the filing of their motions, we do not imply that the relators had the burden of proving that the property was not taken for a public use. The burden of proof is on the State; it must prove that the property taken is for a public ues when the landowner challenges the validity of the taking. See State, through the Department of Highways v. Guidry, 240 La. 516, 124 So.2d 531 (1960).
[1] La.R.S. 48:447 provides:

"Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public use may file a motion to dismiss the suit within ten days from the date the notice was served on him. He shall certify thereon that a copy thereof has been served personally or by mail on either the plaintiff or his attorney of record in the suit. This motion shall be tried contradictorily with the plaintiff.
"Failure to file the motion within the time provided or to serve a copy thereof on the plaintiff constitutes a waiver of all defenses to the suit except claims for compensation."