hLeBLANC, Judge,
dissenting.
The extent and location of the property to be expropriated are within the sound discretion of the body possessing the power of eminent domain, and these determinations will not be interfered with by the courts if made in good faith. Calcasieu-Cameron Hospital Service District v. Fontenot, 628 So.2d 75, 78 (La.App. 3rd Cir.1993); writ denied, 94-0168 (La.3/18/94), 634 So.2d 854. The suitability of the property sought to be expropriated is primarily a question of fact, on which the judgment of the district court will not be disturbed unless manifestly erroneous. City of Westwego v. Marrero Land & Improvement Association, 221 La. 564, 568, 59 So.2d 885, 886 (1952). However, the inquiry must focus on whether the expropriator, in selecting the location and extent of the property to be expropriated, acted in bad faith or so capriciously or arbitrarily that its action was without an adequate determining principle or was unreasoned. Calcasieu-Cameron Hospital Service District v. Fontenot, 628 So.2d at 78-79.
The expropriating agency may abuse its discretion by acting without considering and weighing the relevant factors: availability of an alternate site, costs, environmental factors, long-range area planning, and safety considerations. Calcasieu-Cameron Hospital Service District v. Fontenot, 628 So.2d at 78. The mere availability of a feasible alternative location is not, by itself, an indication that the expropriator has acted arbitrarily or capriciously. See Louisiana Resources Co. v. Stream, 351 So.2d 517, 519 (La.App. 3d Cir.1977).
hit' is clear from the record that BREC thoughtfully considered and weighed all of the relevant criteria. BREC concluded a 25-acre, level terrain site would best satisfy the need for recreational land in the area. The proposed site contained both the required area and topography. Although there were alternative sites discussed and considered, none of them contained both the required area and topography. Also, many of the alternative sites contained other undesirable characteristics. These included inadequate or nonexistent ingress and egress, the presence of ponds or steep slopes and rough terrain, irregular boundaries, the possibility of litigation associated with one alternative site, the necessity to displace residential owners, and the proposed placement of a major thoroughfare extension within one alternative site.
Concerning costs, the record reveals BREC’s considerations included the addition-ál engineering and construction costs to level uneven terrain and remove existing structures, construct roads and entrances, install sewage and electrical connections and the increased liability costs associated with one site. BREC’s analysis also included consideration of the revoked incinerator permit and the effects of the current zoning of M-l, light *575 industrial. Testimony at trial also established BREC’s consideration for the area’s long-range planning, including the Horizon Plan and the Major Street Plan, in addition to the concerns voiced by area residents and leaders relating to .the need for a recreational area. Moreover, the discussions and considerations concerning this site took place over more than ten years, corroborating BREC’s argument it did not act arbitrarily or capriciously. Although the majority’s opinion states that “[t]he most serious impediment to the appropriateness of the proposed site ... is its classification in the Horizon Plan”, the trial court states the basis for its decision is the M-l zoning classification, safety and environmental factors, and costs. The record before us nor any law cited to us in any way supports the proposition that use ^inconsistent with the Horizon Plan equates to arbitrary or capricious action by the expropriator.
I find the evidence and the record supports a finding that BREC sufficiently addressed the relevant criteria via a rigorous and well-reasoned consideration and examination of the proposed site and alternative sites. Because I believe the trial court manifestly erred in its determination that BREC acted arbitrary or capricious when it selected the location and extent of the property to be expropriated, I would reverse the holding of the trial court.
Accordingly, I respectfully dissent.